OF THE

TERRITORY OF ARIZONA

DURING THE YEAR 1906.

[Civil No. 861.  Filed January 9, 1906.]

[83 Pac. 463.]

JESSE HOYT SMITH, Plaintiff and Appellant, v. WIL-
LIAM J. RAINEY et al., Defendants and Appellees.

1. MORTGAGE — EQUITABLE MORTGAGE — HOW CREATED — INTENT. — To
create an equitable mortgage or lien upon property for the payment
of a debt, an intention to create such must be manifest, as distin-
guished from an intention to apply to the payment of the debt the
proceeds from the sale of the property.

2. SAME.—An agreement construed, and *held* not to disclose an inten-
tion to create an equitable mortgage or lien upon property.

(Syllabus by the court.)

APPEAL from a judgment of the District Court of the
Third Judicial District in and for the County of Maricopa.
Edward Kent, Judge.  Affirmed.

On appeal to the United States Supreme Court.

Statement of facts:—

Action by Jesse Hoyt Smith against William J. Rainey et al.
Judgment on demurrer in favor of the defendants Luke.
Plaintiffs appeal.

C. F. Ainsworth, for Appellant.

A. C. Baker, and Walter Bennett, for Appellees.

NAVE, J.—Appellant, as plaintiff, brought suit to fore-
close an alleged equitable mortgage lien upon certain prop-
erty described in the complaint and alleged to be the property

of William J. Rainey, in which property it was averred the
defendants and appellees Frank Luke and John Luke claim
to have some lien or interest. To the complaint the defend-
ants Luke interposed a general demurrer. This demurrer
was by the court sustained. The plaintiff elected to stand
upon his complaint unamended, whereupon judgment was
entered in favor of the defendants Luke.

In substance the complaint sets forth that in March, 1897,
the plaintiff and the defendant Rainey entered into a certain
agreement, set forth in full as an exhibit to the complaint
and as a part thereof. In substance, this agreement provided
that whereas, the parties thereto had on the day of its exe-
cution purchased a certain tract of land in Maricopa County,
Arizona, for the sum of eighteen thousand dollars in the pro-
portion of an undivided two-thirds interest in the said Smith,
and an undivided one-third interest in the said Rainey; and
whereas, the said Smith had paid the entire purchase price,
and the said Rainey had agreed to repay to the said Smith
one third thereof, with interest thereon as thereafter pro-
vided; and whereas, the said parties had joined in said pur-
chase for the purpose of platting, grading, and otherwise
improving said property, and, as so improved, selling and
disposing of the same at a profit: therefore, the said parties
agreed—1. That the improvements of the tract should begin
forthwith; 2. That the improvements should consist of sur-
veying and platting the tract into lots, grading streets, plant-
ing trees, etc.; 3. That the said Smith, in addition to the
sum of eighteen thousand dollars, was also from time to time
to make all necessary advances of money for the improvements
and for the incidental expenses of the enterprise; 4. That
all money advanced by the said Smith in said purchase, as
well as all moneys advanced by him for any of the purposes
aforesaid, should be considered as a loan by him, and be paid
to him as rapidly as possible from the receipts of sales, or
other income of said property, until the same should be fully
paid with interest, before any division of profits should be
made; 5. That if, five years from the date of the agreement,
all the loans should not have been fully paid to the said
Smith, with interest, the said Rainey thereby agreed that he
would, on demand thereof, pay to the said Smith the one third
of all such loans then unpaid, including interest; 6. That

the said Rainey should have management of the tract and of the improving and sale of the same; 7. That the said Rainey should keep and render accounts showing, among other things, "all the assets and liabilities of the partnership"; 8. That the said Rainey thereby agreed to accept the general management of the said tract, without other consideration or remuneration than his one-third share in the net profits of the business as thereafter provided; 9. That after the repayment to the said Smith of the sum of eighteen thousand dollars, and all other advances, with interest, the net profits of the business should be divided—two thirds to Smith and one third to Rainey—and the losses, if any, should be shared in the same ratio. It was further stipulated that the memorandum of agreement was made "for the purpose of stating explicitly the terms of the copartnership on which the said" Smith and Rainey had joined in the enterprise.

The complaint proceeds to state that pursuant to this agreement the plaintiff advanced in total the sum of sixty-five thousand dollars, including the purchase price, no part of which has been repaid to plaintiff; that all of the money so advanced was used in the purchase and improvement of the property, including the undivided one-third interest therein of the defendant Rainey; that the plaintiff had performed each act incumbent upon him under the agreement, but that the defendant Rainey refused, and still neglects and refuses, to perform any of his covenants and agreements; that none of the property described had been sold or disposed of, and no part of the money repaid to the plaintiff; that the defendant Lillian Rainey, wife of defendant William J. Rainey, and the defendants Luke, each claim to have some lien or interest in, on, or upon the interest of the defendant Rainey in the said property, which liens, if any there be, are each and all subject and subordinate to the lien of plaintiff. Therefore the plaintiff prayed that he be declared to have an equitable mortgage lien in and upon the interest of the said William J. Rainey in the said property, to the extent of one third of the aggregate of the amounts advanced by plaintiff, and that this lien be declared prior and superior to any liens claimed by any of the other defendants, if any they have, and that the said lien be foreclosed, and the interest of the said Rainey in the said property be sold as under execution.

The sole question upon this appeal is whether this complaint states facts sufficient to constitute a cause of action against the defendants Luke. The contention of the appellant is,—1. That the agreement set forth in the complaint "specifically points out and shows an intention to pledge the property purchased by plaintiff in his own name and that of the defendant Rainey for the purpose of securing plaintiff in the repayment of all advances made by him in the purchase and improvement of the said property," and that therefore the plaintiff has an equitable mortgage upon the interest of the said Rainey in the said property; and 2. That by the demurrer the averment of the complaint that the lien or interest of the defendants Luke is subject and subordinate to the lien of plaintiff is admitted.

In support of the first contention appellant cites, among other authorities, the decision of the supreme court of California in the case of *Daggett* v. *Rankin*, 31 Cal. 321, in which that court say: "The doctrine seems to be well established that an agreement in writing to give a mortgage, or a mortgage defectively executed, or an imperfect attempt to create a mortgage, or to appropriate specific property to the discharge of a particular debt, will create a mortgage in equity, or a specific lien on the property so intended to be mortgaged." Conceding this doctrine to be well established, we are unable to perceive that it can be applied to the facts in this case. We do not construe the agreement entered into between Smith and Rainey as disclosing an intention to appropriate or set apart the tract of land in question, or the interest therein of the defendant Rainey, as security for the advances of appellant. "The intention must be to create a lien upon the property, as distinguished from an agreement to apply the proceeds from the sale of it to the payment of the debt." Jones on Liens, sec. 32. The agreement in this case was that the proceeds of the sales of the lots into which the tract of land was to be subdivided should be applied, —1. To the repayment of appellant's advances; and 2. To the payment of profits to the partners in the enterprise. Therefore, in our judgment, the complaint does not disclose that appellant has an equitable lien or mortgage upon Rainey's interest in the tract.

In view of this conclusion it is unnecessary to consider what is the effect of the demurrer with respect to the averment of the complaint that the lien, if any, of the defendants Luke is subordinate to plaintiff's lien. It not appearing that the plaintiff in the cause has any interest, equitable or otherwise, in the property in question, he has no lien to which any lien or other interest of the defendants Luke can be subordinate. The demurrer was properly sustained.

The judgment of the district court is affirmed.

SLOAN, J., DOAN, J., and CAMPBELL, J., concur.