[Civil No. 1123.   Filed April 2, 1910.]

[108 Pac. 494.]

FRANK LUKE and JOHN LUKE, Defendants and Appellants, WM. J. RAINEY, LILLIAN RAINEY, Defendants, v. JESSE HOYT SMITH, Plaintiff and Appellee.

1. EXECUTION—SALE—TITLE OF PURCHASER—OUTSTANDING EQUITIES.—At common law, and in absence of statute, a purchaser on execution takes title subject to all outstanding equities of which he had notice at the time of the sale.

2. SAME—SAME—RIGHTS OF PURCHASER—PARTNER'S LIEN—PRIORITY—JUDGMENT LIEN.—Civil Code of 1901, paragraph 749, making all conveyances of land void as to creditors and subsequent purchasers for value, unless acknowledged and recorded, does not cover the case of equitable liens, evidence of which need not be recorded, so that a partner's equitable lien for money advanced to purchase and improve land used in the firm business, is superior to the lien of one purchasing upon a subsequent execution sale under a judgment against the partner in whose name the legal title was, if the execution purchaser bought with actual or constructive notice of the partner's lien.

3. VENDOR AND PURCHASER—BONA FIDE PURCHASER—CONSTRUCTIVE NOTICE—WHAT CONSTITUTES.—One having notice of a fact affecting property which he contemplates purchasing so as to put him on inquiry with reference thereto is chargeable with knowledge which such inquiry would have shown; and notice of a claim inconsistent with the title he seeks to obtain will require him to exercise due diligence to discover the facts upon which such claim is based.

4. EXECUTION—SALE—BONA FIDE PURCHASERS—NOTICE—JUDICIAL PROCEEDINGS—FILING OF COMPLAINT.—Plaintiff sued his partner, R., to foreclose his partner lien on land standing in R.'s name, and joined as defendants creditors of R. who had attached the land. Pending

the suit, the attaching creditors obtained judgment against R. and bought in the land at the execution sale. *Held,* that though the complaint did not state the facts supporting the partner's lien claimed by plaintiff, yet where it stated the substance of a part of the partnership agreement as to the land under which the lien was claimed, it was enough to put the attaching creditors on inquiry, and charge them with constructive notice thereof so as to postpone their rights as purchasers at the execution sale to the plaintiff's lien as partner.

5. SAME—SAME—RIGHTS OF PURCHASER—CONSTRUCTIVE NOTICE—RECORDS—MORTGAGE RECORDS.—Recording of a mortgage executed with warranty of title, by one who had the legal title to land upon which another had a partner's lien, was not constructive notice to the latter of its execution, so as to constitute a waiver by him, by acquiescence, as to his rights as lienor, as against subsequent purchasers of the land under execution, he having no actual notice of the record.

6. PARTNERSHIP—LIABILITY AS TO THIRD PARTY.—Civil Code of 1901, paragraph 2703, providing that if one transacts business as a merchant or trader with the addition of the words "agents," "company," etc., and fails to disclose his partner's name by a sign, etc., or transacts business in his own name, the firm property shall, as to his creditors, be treated as his property, provided this title shall not apply to copartners, complying with Civil Code of 1901, paragraphs 3520–3524, relates only to merchants and traders, and does not apply to a joint venture in the purchase and improvement of realty.

APPEAL from a judgment of the District Court of the Third Judicial District, in and for Maricopa County. Edward Kent, Judge. Affirmed.

The facts are stated in the opinion.

For former opinion, see *Smith* v. *Rainey,* 9 Ariz. 362, 83 Pac. 463, 209 U. S. 53, 28 Sup. Ct. 474, 52 L. Ed. 679.

Kibbey, Bennett & Bennett, for Appellants.

Real property conveyed to one member of a partnership, and standing of record in his name, in which conveyance and record the other partner participates and acquiesces, though purchased by money advanced to the partnership by such participating and acquiescing partner, is subject to attachment and execution by creditors of the partner holding such record title who have no notice of such partnership, and the lien of such attaching and execution creditors is prior and superior to the equitable right of such consenting and acquiescing partner to have the partnership property applied

to the payment of his advances to the partnership. *Stover* v. *Stover,* 180 Pa. 425, 57 Am. St. Rep. 654, 36 Atl. 921; *Blake* v. *Nutter,* 19 Me. 16; *Hammond* v. *Paxton,* 58 Mich. 393, 25 N. W. 321; *First Nat. Bank* v. *State Nat. Bank,* 130 Mich. 332, 89 N. W. 941. "Even where a partner is entitled to a lien, he may waive it, or by his conduct lose its benefit." 30 Cyc. 701. Under our statutes, property standing of record in the name of the individual partner is to be treated in favor of his creditors as his property. Ariz. Rev. Stats. 1901, par. 2703. Notice of a secret equity received after judgment and before sale does not affect the purchaser, even though such purchaser be the judgment creditor. *Mansfield* v. *Johnson,* 51 Fla. 239, 120 Am. St. Rep. 159, 40 South. 196; *Robertson* v. *McClay,* 19 Tex. Civ. App. 514, 48 S. W. 35; *Meek* v. *Skeen,* 60 Fed. 322, 8 C. C. A. 641. "Purchasers and creditors alike may rely upon the title to real estate as shown by the record, and having done so, the law will not permit their rights acquired on the faith of the title as thus disclosed to be defeated by parol evidence."

C. F. Ainsworth, for Appellee.

The plaintiff's claim is not based on a deed of trust nor a mortgage, nor a conveyance, and therefore does not come within the provisions of the recording statute, and such law has no bearing upon the lien or interest claimed by the plaintiff herein. *Grace* v. *Wade,* 45 Tex. 522. The defendants having notice of the existence of the contract and that the plaintiff claimed a lien on the property in question prior to the lien of their judgment, they could very easily have ascertained the full extent of the contract, under the provisions of the statute above quoted, and not having done so, we contend that they are charged with all the notice that the contract would have given them had they obtained an inspection or copy of the contract. "Every man is chargeable with notice of that which the law requires him to know, and that which, after being put on inquiry, he might have ascertained by the exercise of reasonable diligence." *McLure* v. *Township of Oxford,* 94 U. S. 432, 24 L. Ed. 129; *Meier* v. *Blume,* 80 Mo. 179; *Astie* v. *Leeming,* 3 Abb. N. C. (N. Y.) 25; *Vredenburgh* v. *Burnet,* 31 N. J. Eq. 229. Permanent improvements made

by one cotenant at the request of others constitute a debt against the latter and a lien on their shares of the land. *Ward* v. *Ward's Heirs,* 40 W. Va. 611, 52 Am. St. Rep. 911, 21 S. E. 746, 29 L. R. A. 449.

CAMPBELL, J.—The second amended complaint in this action was before us in *Smith* v. *Rainey,* 9 Ariz. 362, 83 Pac. 463, and was held by us not to state a cause of action. Upon appeal to the supreme court of the United States, that court held that the agreement between Smith and Rainey constituted them partners, and gave to Smith a partner's lien upon the land, as a partnership asset; reversed the judgment of this court, and remanded it for trial. 209 U. S. 53, 28 Sup. Ct. 474, 52 L. Ed. 679.

The opinions above indicated set forth the substance of the complaint and of the agreement attached to it. By their answer, the defendants Luke allege that on June 11, 1902, Rainey was the owner of and held in his own name the title of record to, and was in possession of, an undivided one-third interest in the land described in the complaint; that on that day, Rainey being indebted to the Lukes in the sum of $2,500, with interest, they commenced an action to recover the said sum and interest, and sued out an attachment which was duly served and levied upon Rainey's interest in said land, and thereafter duly recorded in the office of the county recorder of Maricopa county; that, thereafter, such proceedings were had in the cause that on June 11, 1903, the Lukes recovered a judgment against Rainey for the amount of his indebtedness to them, and which judgment foreclosed the lien of attachment; that on the sixth day of August, 1903, an order of sale was duly issued out of the court, and that on the eighth day of September, 1903, the premises were sold to the Lukes, who, after the expiration of the period of redemption, received a deed therefor from the sheriff. It is further alleged that neither of the Lukes had any knowledge or any notice, actual or constructive, of the existence of the agreement attached to the complaint of the plaintiff, prior to the filing of plaintiff's second amended complaint, which said second amended complaint was filed on the thirty-first day of December, 1903. The action was tried by the court without a jury, and resulted in a judgment for Smith. The trial court

found that the land described in the complaint was purchased by Smith and Rainey in March, 1897, for the sum of $18,000; that Smith advanced and paid the purchase price; that the title to the land was taken, an undivided two-thirds in the name of Smith and an undivided one-third in the name of Rainey; that at various times between March 20, 1897, and May 23, 1903, Smith, under the terms of the contract attached to the complaint, advanced the further sum of $32,473.35, and that one-third of such payments and advances so made by Smith, together with interest, amounts to the sum of $21,-772.17, which said sum was due to Smith from Rainey, under the terms of the contract, on May 23, 1903; that since May 23, 1903, and prior to the twenty-eighth day of November, 1903, Smith advanced the further sum of $1,085, and that the total amount due at the time of the trial of the action from Rainey to Smith, for principal and interest for such advances, under the terms of the contract, is the sum of $28,224.02. The trial court further found the allegations of the answer of the defendants Luke to be true, with the exception of the matter of notice. As conclusions of law, the court found that Smith is entitled to a judgment against Rainey for the amount due from him to Smith, that the contract, a copy of which is attached to the complaint, constituted Smith and Rainey copartners in respect to the property described in the complaint, and thereby constituted Rainey a trustee in favor of Smith, with respect to the undivided one-third interest in the premises standing in his name; and that by virtue thereof Smith has a lien upon said land for the payment of the amount found due him from Rainey. There is another conclusion of law drawn by the court, to which we will hereafter call attention. Judgment was in favor of Smith, against Rainey, in the sum of $28,224.02, and the lien of Smith was adjudged prior in right to that of the defendants Luke. From this judgment the defendants Luke have appealed.

At the common law, the purchaser at an ordinary execution sale takes subject to all outstanding equities of which he had notice at the time of the sale, and this must be considered the rule in this territory, except as it may have been changed by statute. Therefore, the first question to be considered is the effect to be given our recording statute (paragraph 749, Revised Statutes of 1901) which provides: "All bargains,

sales and other conveyances whatever, of any lands, tenements and hereditaments, whether they may be made for passing any estate of freehold or inheritance or for a term of years; and deeds of settlement upon marriage, whether land, money or other personal thing, and all deeds of trust and mortgages whatsoever, which shall hereafter be made and executed, shall be void as to all creditors and subsequent purchasers for valuable consideration without notice, unless they shall be acknowledged and filed with the recorder, to be recorded, as required by law, or, where record is not required deposited and filed with the recorder; but the same, as between the parties and their heirs, and as to all subsequent purchasers, with notice thereof, or without valuable consideration, shall nevertheless be valid and binding.''

Counsel agree that the statute was adopted from the laws of Texas by the legislature of this territory. The supreme court of that state, while uniformly holding that a prior unrecorded conveyance or mortgage creates no rights as against creditors who have obtained liens, had, prior to our adoption of the statute, construed it as not affecting resulting trusts or equitable liens, evidence of which is not required or permitted to be recorded. Thus, in *Blankenship* v. *Douglas,* 26 Tex. 226, 82 Am. Dec. 608, it is said: ''It seems to be well settled that a judgment lien on the land of a debtor is subject to every equity which existed against the land in the hands of the judgment debtor at the time of the rendition of the judgment. And courts of equity, it is said, . . . will limit that lien to the actual interest which the judgment debtor has in the estate. . . . If the property in controversy was purchased by John J. Blankenship with the funds of David Blankenship, and for him, then the equitable estate in the land was in said Blankenship, and, upon proof of the facts, the land might have been sold under execution for the debts of David Blankenship. . . . This kind of an equity is beyond the contemplation of our statute of registration respecting the rights of creditors.''

In *Senter* v. *Lambeth,* 59 Tex. 259, the controversy was between an attaching creditor who was without notice at the time his attachment was levied and at the time when judgment was rendered, but who had notice at the time he purchased at his own execution sale, and the claimant of a vendor's lien.

The question involved is thus stated by the court: "The sole question in the case is whether, under the admitted facts, the lien and rights acquired by virtue of the writ of attachment, judgment, and sheriff's sale are superior to those of the appellees, who hold the unrecorded vendor's lien, of which appellants had notice at or before the sale, but of which no notice was had when the writ of attachment was levied or when the judgment was obtained."

The previous decisions of the court are examined, and it is held (quoting from the syllabus, which correctly states the ruling of the court) : "As against a purchaser with notice of a vendor's lien before sale under a judgment, which judgment constituted a legal lien on land, a court of equity will confine the operation of the legal lien of the judgment creditor to the actual interest which the judgment debtor had in the estate at the time such legal lien was fixed. The vendor's lien will be protected, though the purchaser, who had notice before his purchase at execution sale, had no actual notice when the judgment lien attached."

Again, in *Calvert* v. *Roche*, 59 Tex. 463, it is said: "As a general proposition, a judgment lien only attaches to the actual interest of the debtor in the land; but on account of our registration laws, ordinarily, if the judgment lien attaches before the creditor has notice of the existence of the unrecorded deed, then such deed is subordinated to the lien, and subsequent notice of the existence of the deed would work no change in the rights of the parties. But when the debtor holds the legal title in trust for others, with whose funds and for whose use it was purchased, then if the purchaser at sheriff's sale, made by virtue of such judgment, has notice of the rights of the *cestui que trusts* before his purchase, he would acquire no title to the property as against them. This distinction results from the fact that such an equitable right is not subject to or governed by the registration statutes."

This doctrine has repeatedly been affirmed, and as late as *Paris* v. *Burks*, 101 Tex. 106, 105 S. W. 174, it is said: "It is true that the statute operates only against claims dependent on instruments which are required or permitted to be recorded, and rights to which the law gives rise in certain states of fact and of which it requires no evidence upon the records

XIII Ariz.—11

or in writing, such as vendor's liens, certain kinds of trusts, and, perhaps, others that might be instanced, are not postponed to the rights of creditors resulting from the mere acquisition of liens by legal process.''

We perceive no difference in principle between the equitable rights involved in and protected by the decisions of the supreme court of Texas, and the equitable rights of a partner to a lien for money advanced for the purchase and improvement of lands used in carrying out the joint venture. We feel constrained to follow the construction given the statute by the supreme court of Texas prior to our adoption of it, and to hold that Smith's lien is prior to that of the Lukes, and must prevail over it, if they had notice, actual or constructive, of such lien at the time of the sale.

The trial court found that the Lukes, at the time of the sale, had no actual notice, but that they did have constructive notice of Smith's lien. The original complaint in this action was filed July 18, 1903. The sale under the Lukes' judgment occurred September 8, 1903; and on December 31, 1903, this second amended complaint was filed. To the second amended complaint, for the first time, was attached a copy of the agreement between Smith and Rainey, and it will be observed that this complaint was filed subsequent to the sale. The original complaint did not set forth sufficient facts to show that Smith was entitled to a partnership lien. It purported to state the substance of a portion of the agreement between Smith and Rainey, and disclosed that the basis of whatever rights Smith had was evidenced by a written contract, and that by reason of that contract, and operations under it, he claimed a lien upon the land. Did this pleading convey to the Lukes sufficient information to put them upon inquiry as to Smith's rights, and charge them with constructive notice of the existence of his lien, prior to the sale? There is not so much difficulty in stating the rule as in applying it to a given state of facts. Where one has notice of a fact affecting property which he seeks to purchase, which puts him upon inquiry, he is chargeable with the knowledge which the inquiry, if made, would have revealed; and one is put upon inquiry by notice of a claim which is inconsistent with the title he seeks to obtain, and must exercise due diligence to ascertain the facts upon which the claim is based. In

*Fidelity Co.* v. *Railroad Co.,* 32 W. Va. 244, 9 S. E. 180, it
is said that: "Whatever is sufficient to put a person on inquiry
is considered as conveying notice; for the law imputes a per-
sonal knowledge of a fact, of which the exercise of common
prudence might have apprised him. When a subsequent
purchaser has actual notice that the property in question is
encumbered or affected, he is charged constructively with
notice of all the facts and instruments, to the knowledge of
which he would have been led by inquiry into the encum-
brance or other circumstances affecting the property of which
he had notice."

The supreme court of the United States, after quoting the
foregoing, say: "Vice-Chancellor Wigram, in *Jones* v. *Smith*
[1 Hare, 43], *supra,* laid it down that cases in which con-
structive notice had been established, resolved themselves into
two classes: First, those in which the party charged had ac-
tual notice that the property in dispute was in some way
affected, and the court has thereupon bound him with con-
structive notice of facts to a knowledge of which he would
have been led by an inquiry into the matters affecting the
property, of which he had actual notice; and, secondly, those
where the court has been satisfied that the party charged had
designedly abstained from inquiry for the purpose of avoiding
notice. If there is not actual notice that the property is in
some way affected so that the case does not fall within the
first class, and no fraudulent turning away from a knowledge
of facts which the *res gestae* would suggest to a prudent
mind, or gross and culpable negligence, so as to bring it within
the second, then the doctrine of constructive notice would
not apply." The supreme court then adds: "Each case must
be governed by its own peculiar circumstances." *Simmons
Creek Coal Co.* v. *Doran,* 142 U. S. 417, 12 Sup. Ct. 239, 35
L. Ed. 1063.

Applying these statements of the law to the facts of the
present case, we think the trial court was right in holding that
the Lukes were put upon inquiry, and by diligence could have
ascertained before the sale the rights of Smith in the premises.
The complaint advised them that Smith and Rainey had a
contract in writing, which Smith claimed gave him a lien
upon the land. While this pleading was technically deficient,
it disclosed enough to cause a prudent man to inquire as to

the full terms of this writing, before purchasing. It is suggested by the appellee that, as defendants in the action, the Lukes could, by application to the court under paragraph 2555 of our statutes, have obtained a copy of the contract; but it is probable that had they requested of Smith or his counsel out of court a disclosure of the full terms of the contract, they would be protected. They made no inquiry, and we think that in failing to do so they were at fault and must be held chargeable with the knowledge they would have obtained had they made inquiry.

In 1898 Rainey executed a mortgage to one Hubbard upon the one-third undivided interest in the land standing in his name, warranting that his title thereto was free and unencumbered, which said mortgage was placed of record. Appellants contend that by participating and acquiescing in the placing of such title in Rainey of record, and with notice and without protest permitting Rainey to mortgage the property, and otherwise publicly treat it as his own individual property, Smith waived all right to claim a lien upon said premises prior and superior to that of the attachment and judgment creditors of Rainey. There is no evidence, however, that Smith knew anything of this mortgage, and we do not think that the record operated as constructive notice to him. *Bates* v. *Norcross,* 14 Pick. (Mass.) 224; *Maul* v. *Rider,* 59 Pa. 167; *Building Assn.* v. *Fellers,* 96 Va. 337, 70 Am. St. Rep. 851, 31 S. E. 505; *White* v. *McGregor,* 92 Tex. 556, 71 Am. St. Rep. 875, 50 S. W. 564.

It is further insisted that by reason of the failure to comply with the requirements of paragraph 2703, Revised Statutes of 1901, the property standing in Rainey's name is to be treated, in favor of his creditors, as his property. We do not think the statute applicable. It relates to merchants and traders, and not to a joint venture in the purchase and improvement of real estate, such as the record discloses existed in this case.

We perceive no error in the record, and affirm the judgment of the district court.

DOAN, LEWIS, and DOE, JJ., concur.