(No. 4660.   July 8, 1927.)

THE EUREKA DEVELOPMENT COMPANY, a Corporation, Appellant, v. AARON CLEMENTS, Sheriff of Blaine County, Respondent.

[258 Pac. 371.]

MINES AND MINERALS—TITLE TO ORE VESTED IN LESSEE—LIENS—PERSONAL OBLIGATION FOR PROMISE TO PAY—PROPERTY NOT BOUND—NO EQUITABLE LIEN CREATED.

1.  Where by terms of agreement leasing mining property operating company was to operate mine, recover ore, sell it and pay a certain percentage of proceeds, title to ore mined vested in lessee as soon as removed from its original place, and no equitable lien was created in favor of lessor in absence of express intention to make ore security for royalty.

2. Promise to pay out of certain proceeds, however solemn the promise may be, is a personal obligation and does not bind property from which proceeds are to flow or create equitable lien thereon.

APPEAL from the District Court of the Fourth Judicial District, for Blaine County. Hon. H. F. Ensign, Judge.

Action against sheriff to recover money held by him under writs of attachment and execution. Judgment for defendant. *Affirmed.*

**J. J. McFadden** and **Proctor K. Perkins,** for Appellant.

An attaching or execution creditor has no lien greater than that of the debtor. (*Manwaring v. Jenison,* 61 Mich. 117, 27 N. W. 899; *Morey v. Hoyt,* 62 Conn. 542, 26 Atl. 127, 19 L. R. A. 611; *Friedlander v. Ryder,* 30 Neb. 783, 47 N. W. 83, 9 L. R. A. 700; *Little Valeria Gold M. & M. Co. v. Lambert,* 15 Colo. App. 445, 62 Pac. 966; *Lewark v. Carter,* 117 Ind. 206, 10 Am. St. 40, 20 N. E. 119, 3 L. R. A. 440; *Greer v. Wintersmith,* 85 Ky. 516, 7 Am. St. 613, 4 S. W. 232.)

"An attachment can operate only upon the title which the defendant actually has when the attachment is made. The lien of an attachment or of a judgment binds the property upon which it operates against subsequent acts of the defendant, but it does not affect the rights of third persons outstanding at the time it is required. This is undoubtedly the general rule and is sustained by the great weight of modern authority." (*Manwaring v. Jenison, supra; Morey v. Hoyt, supra; Friedlander v. Ryder, supra; Little Valeria Gold M. & M. Co. v. Lambert, supra.*

Publisher's Note.

2. See 17 R. C. L. 604.

See Liens, 37 C. J., sec. 21, p. 318, n. 92.
Mines and Minerals, 40 C. J., sec. 615, p. 1013, n. 33.

J. G. Hedrick, for Respondent.

While the contract upon which the plaintiff relies is in name a lease, it is, in fact, a sale of the property in question, and such a contract, with the right to remove and sell ore in place, is a sale of the ore, whether the purchase money is to be paid in cash or instalments called "royalty." (Lindley on Mines, sec. 861; *Willmore Coal Co.* v. *Brown,* 147 Fed. 931; Morrison on Mining Rights, 15th ed., 351.) Under such a lease and agreement, all ore taken from the claims is the property of the lessee, and it has the right to sell and dispose of the same, and its title to the ore is absolute. (*Coalinga Pacific Oil Co.* v. *Associated Oil Co.,* 16 Cal. App. 361, 116 Pac. 1107; *Barnsdall v. Bradford Gas Co.,* 225 Pa. 338, 74 Atl. 207, 26 L. R. A., N. S., 614. Cases cited in the footnotes.)

McNAUGHTON, Commissioner.—This is an action against Aaron Clements, sheriff of Blaine county, to recover certain property in his possession as such sheriff. By stipulation entered in this court his successor in office, L. E. Outzs, has been substituted.

The appellant, the Eureka Development Company, herein referred to as the leasing company, by an instrument which is a lease and option to purchase, leased and optioned certain mining claims owned by it. The lease and option also cover the claim known as the Whale lode. The claim was not owned by the leasing company but it held the claim under an option to purchase it on which there was owing $5,450. The New York-Idaho Exploration Company, herein referred to as the operating company, is the assignee of the original lessee.

The grant of the option to purchase was to be upon a consideration of $200,000, due in annual instalments. The lease was in consideration of the agreement to operate the property to the extent at least of 150 shifts of labor per month and payment as royalty of 15 per cent of the proceeds of the smelter returns as ores were shipped. The instrument also contains a stipulation that the sum of $5,450 owing on the

option of purchase of the Whale lode claim should be paid out of the proceeds of the first shipments without deduction for royalties and applied as payment to the leasing company on the last instalment of the purchase price.

Forty-seven thousand pounds of ore were taken out by the operating company and were ready for shipment by it when the ore was attached by the sheriff under writs of attachment and executions against the operating company. By stipulation between the parties, the sheriff was allowed to ship the ore and retain the proceeds amounting to $1,070.40, which is the subject of this action.

The leasing company claims it had an interest or title in said ore superior to the attachments and prosecutes this action to recover said proceeds. Upon the trial, the district court found that the Eureka Development Company was a corporation organized and existing under the laws of Utah, but that the evidence does not show it was authorized to do business in Idaho; and also found that the 47,000 pounds of ore attached by the sheriff was the property of the New York-Idaho Exploration Company and was held by the sheriff subject to certain executions issued upon judgment against the said New York-Idaho Exploration Company, and entered judgment dismissing plaintiff's complaint.

By appropriate assignments, appellant challenges the sufficiency of the evidence to support these findings. We shall first consider the finding as to title.

[1] Appellant claims title or an equitable interest superior to the lien of the attaching creditors. It claims title or an equitable lien arises out of the lease and option. By the terms of the agreement, the rent or royalty was not to be paid in kind, but the operating company was to operate the mine, recover the ore, sell it, and pay a certain percentage of the proceeds over to be applied in discharge of the last deferred payments under the option to purchase. Under these facts, the title to the ore mined vested in the lessee as soon as removed from its original place. (40 C. J. 1013, sec. 615.)

The amount to be paid was a fixed sum. No express lien or promise of a lien on the ore is contained in the lease. The provision relied on by appellant is worded as follows:

"The lessee shall deduct from the gross proceeds received on the sale of each lot so shipped the cost of shipping such lot from the property to market and the sampling, assaying and smelting charges upon such lot, and fifteen per cent of the proceeds then remaining after making such deductions shall be paid by the lessee to the credit of the lessors at said bank to apply as payment upon the last instalment of the purchase price for the property under the foregoing option, the other eighty-five per cent of such remaining proceeds to be retained by the lessee as his own; provided, that the first gross proceeds, without deduction of said royalty, realized by the lessee upon the sale of such lots shall be paid by him upon said Whale lode mining claim under said Porter option until said sum shall be fully paid."

By another provision this payment was to be credited on the last instalment of the purchase price. Unless a stipulation pledging the ore, or a promise to pledge the ore as security, or a stipulation of similar import, can be found in the foregoing excerpt, none can be found in the instrument.

The lease provides a penalty of forfeiture of all rights under it and all rights in or to all buildings and equipment installed in and upon the mine by the lessee for breach of that or other stipulations contained in the instrument.

[2] This is a clear agreement to pay an acknowledged indebtedness out of certain proceeds. A promise to pay out of certain proceeds, however solemn the promise may be, is a personal obligation and does not bind the property from which the proceeds are to flow. It takes something more than that to give rise to an equitable lien. (*In re Clark Realty Co.*, 234 Fed. 576; *Silent Friend Min. Co. v. Abbott*, 7 Colo. App. 73, 42 Pac. 318; *Coalinga Pacific Oil & Gas Co. v. Associated Oil Co.*, 16 Cal. App. 361, 116 Pac. 1107; *Smith v. Rainy*, 9 Ariz. 362, 83 Pac. 463.)

In the absence of an expression indicating an intention to make the ore security for the royalty or deferred payment of

$5,450, or a promise to convey it as such security, no equitable lien is created which is binding upon the property. We think the lessee under the lease had a right to mine the ore and that it took and held it unencumbered. True, after sale an obligation would arise between it and the lessor, but with that we have nothing to do here.

As this view disposes of the case without considering the other assignments, we recommend that the judgment be affirmed, with costs to respondent.

Varian and Brinck, CC., concur.

The foregoing is approved as the opinion of the court and the judgment is affirmed, with costs to respondent.

Wm. E. Lee, C. J., and Givens and T. Bailey Lee, JJ., concur.