475 P.2d 9

The VALLEY NATIONAL BANK OF ARIZONA, a national banking association, Appellant,

v.

Jean O'Brien HAY, Appellee.

No. 1 CA–CIV 1161.

Court of Appeals of Arizona, Division 1, Department A.

Oct. 5, 1970.

———◆———

Snell & Wilmer, by Warren E. Platt and Gary H. Fry, Phoenix, for appellant.

Charles C. Stidham, Phoenix, for appellee.

O'Connor, Cavanagh, Anderson, Westover, Killingsworth & Beshears, by Wilbert G. Anderson, Phoenix, amicus curiae.

## SUPPLEMENTAL OPINION

DONOFRIO, Presiding Judge.

In our opinion filed September 8, 1970, 13 Ariz.App. 39, 474 P.2d 46, we stated:

"Although generally American courts construe recording laws as requiring and authorizing the recording of equitable as well as legal interests, 45 Am.Jur. Records and Recording Laws § 49 (1943), Arizona appears to have confined the operation of A.R.S. § 33–412 to legal interests in land. Luke v. Smith, 13 Ariz. 155, 108 P. 494 (1910); Jarvis v. Chanslor & Lyon Co., 20 Ariz. 134, 177 P. 27 (1919). * * * *"

Appellant has filed a motion for rehearing questioning the accuracy of the phrase, supra, that "Arizona appears to have confined the operation of A.R.S. § 33–412 to legal interests in land." The motion urges that under A.R.S. § 33–412 a resulting trust must be recorded in order to protect such equitable interest from a party in appellant's position. We do not take this view.

A motion for leave to intervene and for leave to file a memorandum as amicus curiae was also submitted to this Court. We granted this motion. The amicus curiae memorandum advances the position that our opinion is overly broad in its statement that Arizona appears to have confined the operation of A.R.S. § 33–412 to legal interests in land. We agree.

Our holding is limited to the facts with which we were presented. The opinion insofar as it relates to Arizona's recording laws should be read to hold only that a resulting trust, in order to be enforceable against a creditor, need not be recorded under the provisions of A.R.S. § 33–412.

The judgment is affirmed and the motion for rehearing denied.

STEVENS and CAMERON, JJ., concur.