**In re ARVIZU CONSTRUCTION, INC., Debtor.**

**David A. Birdsell, Trustee for Arvizu Construction, Inc., Plaintiff,**

**v.**

**Bella Funding, L.L.C., as agent on behalf of Sandro Visani and Brenda J. Visani, Defendants.**

**Bankruptcy No. 2:08–bk–00302–RJH.**
**Adversary No. 2:08–ap–00725–RJH.**

United States Bankruptcy Court, D. Arizona.

June 22, 2010.

Adam B. Nach, Mary B. Martin, Lane & Nach, P.C., Phoenix, AZ, for Plaintiff.

Scott A. Malm, Gust Rosenfeld P.L.C., Phoenix, AZ, for Defendants.

## AMENDED OPINION

RANDOLPH J. HAINES, Bankruptcy Judge.

The issue here is whether a trustee may avoid a deed of trust that was properly recorded but not properly indexed due to a misspelling of the Debtor's name, when a search by a title company would have disclosed the deed of trust due to its correct legal description. For two independent reasons, the Court concludes that the recording did provide constructive notice to all potential bona fide purchasers, and therefore judgment must be granted to the Defendants.

### BACKGROUND FACTS

Public records reflect that Mr. Luis Arvizu acquired property legally described as The West 150 feet of the South half of Lot 1, VARNEY TRACT, in book 30 of Maps, Page 11, records of Maricopa County, Arizona. Mr. Arvizu acquired title by war-

ranty deed in March of 2001, and in August of 2006 he quit claimed it to Arvizu Construction, Inc.

In November, 2007, there was recorded a Deed of Trust in favor of Sandro and Brenda Visani[1] which, on the front page, identified the Trustor as Luis Arvizu/Arivzu [sic] Construction, Inc. The Deed of Trust was executed by Luis Arvizu on behalf of Arvizu Construction, Inc. The spelling of the Trustor's name on page one transposed the third and fourth letters of the name Arvizu Construction, Inc.

Arvizu Construction, Inc. subsequently filed bankruptcy, and the Chapter 7 Trustee filed this avoidance action seeking to avoid the Visani Deed of Trust under the bona fide purchaser prong of the Bankruptcy Code's strong arm clause, 11 U.S.C. § 544(a)(3).

The parties' joint pretrial statement identified the Chapter 7 Trustee and Luis Arvizu as the only witnesses. Because there apparently would be no witness competent to testify either as to the nature of the title search that would be performed by a reasonably prudent bona fide purchaser of this property, or as to what would be disclosed if such a search were made of a title plant maintained by a title company in Maricopa County, the Court appointed Mr. John Graham as an expert witness pursuant to Federal Rule of Evidence 706, and Mr. Graham agreed to so testify without compensation. The parties were given notice of his appointment and the topics the Court expected his testimony to address.

In addition to documents admitted into evidence on stipulation, Mr. Graham was the only witness who testified at trial.

At trial, Mr. Graham testified that documents are recorded by the Maricopa County Recorders Office when they are received by the office and given a sequential document number. Following such recording, the recorded documents are then indexed by the Recorders Office according to the names of the grantors and the grantees (known as the "Grantor/Grantee Index"), and that is the only index maintained by the Recorders Office. There is no index maintained by the Recorders Office according to the legal description of the properties affected by recorded documents, and consequently it is not possible to search the Recorders' documents or indices by legal description. Mr. Graham also testified, and the admitted documents reveal, that the County Recorders Office also provides an internet website where the public can search for recorded documents by the names of grantors and grantees, but not by legal description of the properties affected. Mr. Graham also testified, and the documents admitted in evidence reveal, that a search of either the County Recorders' website or its Grantor/Grantee Index under the correctly spelled name of the Arvizu Construction, Inc. does not, and would not, reveal a Deed of Trust that was indexed under the misspelled name of Arvizu Construction, Inc.

Mr. Graham also testified that title companies in Maricopa County construct title plants by receiving, on a daily basis, all of the documents that are recorded at the County Recorders Office. All such documents that contain a legal description are then indexed by the title company according to the legal description. Other documents that do not contain a legal description, such as marriage certificates,

---

1. The deed of trust was recorded by Bella Funding as agent for the Visanis. Bella Funding is the only defendant in this adversary proceeding. It has maintained that the Visanis are the real party in interest and no judgment against Bella Funding can affect the Visani's deed of trust. In light of the ruling on the merits, this issue need not be decided.

judgments and federal tax liens, are indexed in the title plant by the names of the parties affected, in what is known as the general indices.

Mr. Graham testified that when a title company does a search to determine the condition of title of property, it searches its title plant by legal description. He further testified that the Visani Deed of Trust would be disclosed in such a search because its legal description was correct. He also testified that he actually performed such a search on the title plant maintained by the company for which he was a consultant, First American Title,[2] and it revealed the Visani Deed of Trust. That search also revealed, however, that the Deed of Trust had an asterisk, indicating there was something unusual or questionable about it, which he surmised was probably to call attention to the fact that the Trustor's name was misspelled on the first page of the Deed of Trust.

Mr. Graham also testified that approximately 90% of all deeds recorded in Maricopa County are recorded by title companies, and that only approximately 10% are recorded by persons other than title companies. He also testified that in his experience, and based on his review of recorded documents, it was also true that at least 90% of bona fide purchasers of real property, for value, in Maricopa County would obtain a title company search of the title of the property being purchased. He testified that a verbal condition of title report could be obtained by calling any of the title companies, for no charge. If the customer wanted a written condition of title report, the charge would be $35. Most purchasers of property, however, also get title insurance to ensure that they are obtaining good title to the property being pur-

chased. Virtually all buyers obtain such title insurance, because the purchase contract usually requires the seller to provide such insurance and pay for it. That is a customary term of real estate purchase contracts that is often inserted in such contracts by the brokers and sales agents. In addition, if there is a lender involved, the title commitment also usually provides a lender's title policy. In all of these cases, the title company would search its own title plant to determine the condition of title, rather than searching the records of the County Recorders Office, either at the office or online.

## ANALYSIS

■■■ The issue here is whether the bona fide purchaser hypothesized by Bankruptcy Code § 544(a)(3) would have actual or constructive notice of the Visani Deed of Trust. State law defines what constitutes constructive notice. In Arizona, both statutory law and common law define constructive notice.

Arizona statutes provide that when a deed of trust is properly acknowledged and recorded, it "shall from the time of being recorded impart notice of the contents to all persons."[3] Recording is defined by A.R.S. § 11–461, which requires that documents "shall be recorded consecutively as of the time they are received". The Recorder shall affix to each instrument ... [a] record identification to uniquely identify each instrument and to fix its position within the sequence of recordings[ ] [and a] record location to enable each instrument to be retrieved[.] Instruments may be recorded in docket books, in separate record books or in suitable containers, "if the location of which can be identified from the record location

---

**2.** The Visani's deed of trust was recorded by Transnation Title Company.

**3.** Arizona Revised Statute (hereafter "A.R.S.") § 33–818.

stamped on the document."[4] That statute appears to provide the complete description of the acts necessary to constitute and complete the recording by the Recorders Office.

Arizona statutes also require the County Recorder to "keep indices to the instruments that have been recorded."[5] That language indicates, however, that the indexing process occurs after the recording, which means the recording has been completed before any index is created. The statute permits these indices to be kept by grantor and grantee,[6] but does not require it. Alternatively, the Recorder may elect to keep some of the indices by categories according to the type of instrument, such as conveyances of real property and mortgages, and in that case each instrument must be indexed by both grantor and grantee.[7]

■■■ Together, these statutes indicate that the recording is complete when it has been received by the County Recorder and stamped with its sequential document number/record locator. Indexing is not essential to the recording. And once recorded, whether or not properly indexed, notice of the content of the document is imparted to all persons, including subsequent bona fide purchasers.

Mr. Graham testified, and the Court agrees as a matter of law, that any purchaser who had notice of the Visani Deed of Trust would be on notice that it encumbered the legally described property that was then owned by Arvizu Construction, Inc., notwithstanding the misspelling of Arvizu Construction, Inc. on page 1 of the Deed of Trust. This is because any reasonable person would conclude, from the other spellings of the same name in the same document, that the single misspelling was scrivener's error that was intended to identify Arvizu Construction, Inc. It is also true because the Deed of Trust identified, by legal description, the property that was owned by Arvizu Construction, Inc. All parties are also on notice that it is Arvizu Construction, Inc. that owns that legally described property, by virtue of the duly recorded 2006 Quit Claim Deed from Luis Arvizu to Arvizu Construction, Inc.

■■■ The same conclusion follows from Arizona common law. The common law deems the bona fide purchaser to be on constructive notice of facts that would be known to a reasonably prudent purchaser.[8] Perhaps one of the most ancient and common applications of this common law is to put the bona fide purchaser on notice of what he would observe upon inspection of the land, and what he would learn upon inquiry of persons residing on the land.[9] This is because "the law im-

---

4. A.R.S. § 11–461(D) & (E).

5. A.R.S. § 11–462(A).

6. A.R.S. § 11–462(C).

7. A.R.S. § 11–462(B).

8. "Constructive notice includes both information available through recorded documents and knowledge of facts that impose a duty to inquire [citation omitted]. Further, 'Notice of facts and circumstances which would put a man of ordinary prudence and intelligence on inquiry is ... equivalent to knowledge of all of the facts a reasonably diligent inquiry would disclose.'" *Hall v. World Savs. and Loan Ass'n,* 189 Ariz. 495, 500, 943 P.2d 855, 860 (App.Div.1, 1997) (citations omitted). "The law seems to be settled that a person who fails to exercise due diligence to avail himself of information which is within his reach is not a bona fide purchaser." *Davis v. Kleindienst,* 64 Ariz. 251, 258, 169 P.2d 78, 83 (1946) (citation omitted).

9. "A subsequent purchaser of a servient tenement is bound to take notice of rights that may be evident upon an inspection of the premises as well as those of which he may learn by an inspection of the records...."

putes a personal knowledge of a fact, of which the exercise of common prudence might have apprised him."[10] Here, the expert testimony establishes that a reasonably prudent purchaser would also search the status of title of the property being purchased, that he would do so by engaging the services of a title company, that a title company would search its own title plant according to the legal description, and that the Visani Deed of Trust would be discovered in such a search.

The Court is aware that the Ninth Circuit Bankruptcy Appellate Panel held in *Crystal Cascades*[11] that the appropriate test in that case was defined by a reasonable search of the public records by an ordinary prudent person, rather than a professional title officer search of a title plant's records. The reason for that holding, however, was not what a reasonably prudent purchaser would actually do, but rather because the federal tax lien statute hinged on the validity of the lien on whether it would be revealed by "a reasonable inspection of the [public] index."[12] By contrast, neither the hypothesized bona fide purchaser status of Bankruptcy Code § 544(a)(3) nor Arizona statutory or common law limits constructive notice by reference to a search of the *public* index. To the contrary, the Arizona statutes define constructive notice based upon the recorded documents themselves, and not how they are indexed, and the common law defines constructive notice based upon what a reasonably prudent purchaser would know and, as noted above, the evidence here conclusively establishes that would be governed by a search of a title plant, rather than of the public indices.

### CONCLUSION

The foregoing constitutes findings of fact and conclusions of law. In sum, the Court finds and concludes that either by operation of Arizona statutory law or because a reasonably prudent purchaser would conduct a search of a title plant, a bona fide purchaser of the Arvizu Construction property would be on constructive notice of the Visani Deed of Trust. For these reasons, judgment must be entered for the Defendant.

---

Where a reasonably careful inspection of the premises, followed by inquiry, would disclose the existence of a property right, the grantee of the servient tenement takes title subject to the property right to the extent that his grantor is bound thereby." *Shalimar Ass'n v. D.O.C. Enters., Ltd.,* 142 Ariz. 36, 44, 688 P.2d 682, 690 (App. Div. 1 1984) (citations omitted).

**10.** *Luke v. Smith,* 13 Ariz. 155, 163, 108 P. 494, 496(Ariz.Terr.1910).

**11.** *United States v. Buenting (In re Crystal Cascades Civil, LLC),* 415 B.R. 403 (9th Cir. BAP 2009).

**12.** 26 U.S.C. § 6323(f)(4)(A).