### SMITH *v.* RAINEY.

APPEAL FROM THE SUPREME COURT OF THE TERRITORY OF ARIZONA.

No. 144. Argued March 3, 4, 1908.—Decided March 16, 1908.

A partner has a lien on the firm's assets for the repayment of his advances to the firm, and in this case *held,* that the articles of copartnership, construed as a whole, provided that the partner in a land venture advancing the amount needed for the venture should have a lien on the land regarded as assets.

THE facts are stated in the opinion.

*Mr. Lewis M. Ogden,* with whom *Mr. James G. Flanders* was on the brief, for appellant.

*Mr. Walter Bennett,* for appellees.

MR. JUSTICE HOLMES delivered the opinion of the court.

This is an appeal from a judgment on demurrer dismissing the appellant's complaint. The prayer of the complaint is to have declared and foreclosed a mortgage lien on certain land as against the defendants, who also claim liens upon the same, and is based upon a written agreement set forth. This instrument recites that the appellant and William J. Rainey have bought the land for $18,000, in the proportions of two-thirds and one-third respectively, for the purpose of improving and selling it; that the whole consideration was paid in cash by the appellant, and that Rainey has agreed to repay the one-third with interest. It agrees that the improvements as specified shall be carried on with reasonable diligence and dispatch, and that the appellant will make necessary advances, and then goes on: "Fourth. That all money advanced by said Jesse Hoyt Smith in said purchase, as well as all such as shall be hereafter advanced by him for any of the purposes aforesaid, shall be considered and treated as a loan or loans by him, and shall be paid to him as rapidly as possible from the receipts from the sale or sales or other income of said property until the same shall be fully paid at six per cent. per annum and before any division of profits shall be made or paid."

The argument for the appellant and the decision below turned mainly on the sufficiency of this clause to create a lien. Standing by itself, and still more if taken only in connection with the next clause, which provides that if all the loans have not been repaid with interest in five years Rainey shall repay his one-third on demand, it well might be held not to be enough. It might be held not to go beyond a personal undertaking, with an indication of a fund as the limit and only source of repayment until five years should have elapsed. But it is necessary to consider the whole document.

The sixth clause gives Rainey the general management,

limiting his contracts "on account of said property" to $5,000 without Smith's written consent, requiring agreement of the parties as to prices and terms, and providing that Rainey shall give Smith true accounts "of all the transactions relating to the business" and full information, etc. The seventh clause provides more specifically for Rainey's keeping books of account, to be always open to Smith, and for his sending to Smith monthly "an account in full of all transactions during the preceding month, including all contracts made and all disbursements and receipts, and showing all the assets and liabilities of the partnership." By the eighth clause Rainey accepts the management without other remuneration than his one-third of the net profits of the business.

The ninth clause reads as follows: "That after the repayment to the said Jesse Hoyt Smith of the said sum of eighteen thousand dollars ($18,000) so advanced by him for the purchase of said tract and his repayment of all advances which shall be hereafter made by him on account of said property or said business, together with interest on all such sums at six (6) per cent. per annum, the net profits of said land and said business shall be divided between the parties hereto as follows: Said Jesse Hoyt Smith shall be entitled to the two-thirds ($\frac{2}{3}$) thereof, and said William J. Rainey the one-third ($\frac{1}{3}$) thereof; and the losses if any, shall be shared between the parties in ratio aforesaid.—It is further agreed and understood between the parties hereto that this Memorandum of Agreement is made for the purpose of stating explicitly the terms of copartnership on which the said Jesse Hoyt Smith and William J. Rainey have joined in the purchase, improvement and sale of said tract."

The result of the whole agreement then is that it forms a partnership, and that when it comes to the division of assets the appellant is to be repaid, not merely his share of the capital, but the whole eighteen thousand dollars and his advances before any profits are declared. This means, of course, that he is to be repaid them out of the land or its proceeds. The

advance of one-third of the purchase price, which appears in the beginning as a loan to Rainey, is regarded at the end, with manifest justice, as standing on the same footing as the later advances made more specifically to the business. The whole land is treated as firm capital, and the whole sum paid for is treated as having been contributed, as in fact it was, by Smith, and as contributed to the firm.

A partner has a lien on the firm's assets for the repayment of his advances to the firm, and the ninth article, providing for the repayment of the whole sum advanced by Smith for the venture, means that he shall be repaid out of the land regarded as assets. Taking the instrument as a whole, we are of opinion that it gives the appellant a lien. Whether the defendants nevertheless may not be entitled to priority, is not before us now. The only ground on which the demurrer was or could have been sustained was that the plaintiff had no lien at all.

*Judgment reversed.*
*Demurrer overruled.*