BRADY *v.* SLOMAN.[1]

EXECUTION — SETTING ASIDE SALE—DEEDS — RECORDING LAWS —
CONSTRUCTIVE NOTICE.

On a bill to set aside a levy and sale upon execution, it ap-
peared that complainant's father executed a deed, which was
in fact a mortgage, to secure the payment of a loan. Upon
the payment of said loan, the grantee deeded the land to
complainant who went into immediate possession although
said deed was not then recorded. Subsequently the land was
sold to defendant on a levy and sale on execution. *Held,*
that the judgment creditors and the purchaser were put upon
notice by the actual occupancy of complainant, and that
they could acquire at such sale no greater rights than the
judgment creditor had; since a grantee in possession of land
has title against all the world, whether his deed is recorded
or not. *Corey* v. *Smalley,* 106 Mich. 257, followed.

Appeal from Wayne; Murphy, J. Submitted April
13, 1909. (Docket No. 38.) Decided April 24, 1909.

Bill by Francis J. Brady, Jr., against Samuel A.
Sloman to set aside a levy and sale upon execution.
From a decree for complainant, defendant appeals. Af-
firmed.

*Edward McNamara* (*David E. Heineman,* of coun-
sel), for complainant.

*Sloman & Sloman,* for defendant.

Complainant in this suit seeks to set aside a sheriff's levy
and sale upon execution; the defendant being the pur-
chaser at the sale. In 1889 complainant's father, Francis
J. Brady, Sr., was the owner in fee of the land. His sole
creditor was one Prosper J. Raymond, to whom he owed
$525. Brady, Sr., and Raymond were intimate friends
and had accommodated each other with loans. To secure
this loan Brady, Sr., gave Raymond a warranty deed,

---

[1] Rehearing denied July 15, 1909.

which was in fact a mortgage. Raymond was to reconvey upon payment of the amount secured. Raymond recorded the deed in the book of deeds, and not in the book of mortgages, on the day it was executed, December 27, 1889. On July 22, 1896, complainant paid his father's debt to Raymond. The money so paid was contributed by the complainant, his father and brother. At the request of the father, Raymond, on the date last mentioned, conveyed the land by proper deed to his son, the complainant. Complainant gave the deed to his father. for safe-keeping, supposing that he would attend to recording it. It was not recorded until December 19, 1902. Raymond exercised no control over the property either after the deed by Brady, Sr., to him, or after the deed from Raymond to complainant. The property was leased by the Bradys and receipts given to the tenants in the complainant's name after January 16, 1901, and many of the receipts before that date were so given. In 1895 the Bradys spent $1,350 in enlarging the dwelling house on the land, converting it into a double house. Raymond became indebted on promissory notes to S. A. Sloman & Co., a copartnership, and on June 2, 1896, they obtained a judgment against Raymond in justice's court for the sum of $121.31. On August 12, 1902, a transcript of said judgment was filed in the circuit court, and execution was issued, and the homestead of Raymond and the land here involved levied upon. The premises were duly sold to the defendant on May 4, 1906, for $234.43, the amount of the judgment, with interest and costs. Prior to the sale the sheriff was notified that complainant claimed to own the premises in fee. When the sale was made, Raymond's execution creditors did not have actual notice of complainant's claim of ownership. The case was heard upon pleadings and proofs taken in open court, and the decree entered setting aside the levy and sale.

GRANT, J. (*after stating the facts*). Actual posses-

sion and occupancy of land constitute a notice to every subsequent purchaser and incumbrancer of the rights and title of such occupants. The record title stood in Raymond. Raymond parted with that title by deed to Brady, Jr. Brady, Jr., had for years exercised complete ownership over the property. The occupancy by tenants was as valid as occupancy by himself. Had the execution creditors made an inquiry of the parties in possession, they would have learned at once that Raymond had no interest whatever in the land, and that Brady, Jr., was their landlord. A grantee in possession of land has a title against all the world, whether his deed is recorded or not. Neither the execution creditors nor the purchaser, Sloman, could obtain any better title by levy and sale than they could have obtained by purchase from Raymond. Had Raymond deeded to defendant this land, the occupancy of Brady, Jr., through his tenants, would have defeated his title. Sloman & Co. were put upon inquiry by this actual occupancy, and had they made such inquiry they could have proceeded with their levy upon the homestead, which was worth much more than the homestead exemption. This case is ruled by *Corey* v. *Smalley*, 106 Mich. 257, and authorities there cited.

The decree is affirmed, with costs.

BLAIR, C. J., and MONTGOMERY, McALVAY, and BROOKE, JJ., concurred.