# LUKE *v.* SMITH.

## APPEAL FROM THE SUPREME COURT OF THE TERRITORY OF ARIZONA.

No. 150. Argued January 27, 1913.—Decided February 24, 1913.

The Supreme Court of the Territory of Arizona having, in construing the recording statute, followed the decisions of the courts of Texas from whose laws the statute was copied, and held that one buying with notice that the holder of the legal title held it in trust for others took with notice notwithstanding the act, this court sees no reason for not following the general rule that it will follow the construction given by the local court to a local statute.

Service of the complaint in an action brought to establish an equitable lien on property superior to the rights of all parties defendant is notice to a defendant having knowledge of the suit.

13 Arizona, 155, affirmed.

THE facts, which involve the construction of the recording act of Arizona and what constitutes notice of lien to a purchaser of real estate, are stated in the opinion.

*Mr. Walter Bennett* for appellants.

*Mr. Lewis M. Ogden* for appellee.

MR. JUSTICE HOLMES delivered the opinion of the court.

This is a bill brought by the appellee to establish and foreclose a lien on certain land, and already has been before this court. *Smith* v. *Rainey,* 209 U. S. 53. At that hearing the land was decided to be partnership assets as between Smith and Rainey and as such subject to a lien for repayment of advances made to the firm by Smith. The present appellants claim a right in Rainey's interest, paramount to Smith's, by virtue of an execution sale on a judgment against Rainey. The material facts are few. The title to the land by deed on record stood in Smith as to two undivided thirds and in Rainey as to the other third. About April 29, 1897, Smith and Rainey made the agreement construed in 209 U. S. 53, out of which arose the partnership and the consequent lien before mentioned. On June 11, 1902, the appellants began a suit against Rainey upon an individual debt of his and attached his interest in the land. On June 11, 1903, they got judgment. On July 18, 1903, Smith began the present action making Frank Luke a defendant as claiming some lien alleged by Smith to be subordinate to his own. On August 6, 1903, an order of sale was issued in the suit of the appellants, on September 8 the land was sold to the Lukes for the amount of their judgment, on December 29 the sheriff made return, and on June 20, 1904, there having been no redemption, executed a deed to the Lukes. The Lukes had no notice of Smith's rights earlier or other than that derived from the beginning of the present suit.

The statute of Arizona makes all conveyances of land and all deeds of trust and mortgages void, as against creditors and subsequent purchasers for value without notice, unless recorded, but leaves them valid as against purchasers with notice or without valuable consideration.

Rev. Stat., 1901, Paragraph 749. The Supreme Court of Arizona, starting from the admitted fact that the statute was copied from the laws of Texas, after examining the Texas decisions concluded that when the debtor holds the legal title in trust for others with whose funds and for whose use it was purchased, a purchaser at a sale on execution who has notice of their rights before his purchase will take subject to them notwithstanding the foregoing act. The court thought that the principle applied to such equitable rights as Smith was decided to have, in 209 U. S. 53, and hence concluded that if the Lukes had notice before the sale on September 8, 1903, from the original complaint in the present suit, Smith must prevail. On this construction of a local statute as well as on some subordinate matters of construction not so much pressed, we see no reason for not following the local court in accordance with a leaning many times declared. *Jones* v. *Springer,* 226 U. S. 148, 157. *Gray* v. *Taylor, ante,* p. 51. It is perhaps doubtful whether the instrument creating the partnership and making the land partnership assets could have been recorded; assuming, as the appellants urge, that the test of trusts that are outside of Paragraph 749 is that they do not arise from an instrument that might be put on record—a test not definitely accepted by the Arizona court. Some mention was made of a mortgage executed by Rainey and afterwards discharged as giving additional color to Rainey's record title. But it is enough to say that the Lukes do not appear to have known of it before the execution sale to them.

Hence the only question is whether the complaint as originally filed gave notice of Smith's rights. It did not set forth the contract, but alleged it to have been made in writing and alleged that it was agreed that the plaintiff should advance all the money necessary for the improvement of the land and should be repaid all sums advanced by him for that purpose or for the purchase of the land,

&c., with interest, from sales of the land. It prayed that the plaintiff be declared to have an equitable mortgage lien upon Rainey's interest, paramount to Luke's title whatever it might be. This obviously was enough to put the Lukes upon inquiry as to the precise character of a contract that was alleged, and truly alleged as it turns out, to lay the foundation for an equitable interest superior to theirs.

*Judgment affirmed.*