101 F.2d 617 (1939)
In re TOMS.
TUTTLE
v.
SMITH.
No. 8034.
Circuit Court of Appeals, Sixth Circuit.
February 14, 1939.
*618 W. W. Brashear, of Detroit, Mich. (Kelley, Sessions, Warner & Eger, of Lansing, Mich., and Darden & Brashear, of Detroit, Mich., on the brief), for appellant.
W. S. Foster, of Lansing, Mich. (Foster & Cameron, of Lansing, Mich., on the brief), for appellee.
Before HICKS, ALLEN, and HAMILTON, Circuit Judges.
HAMILTON, Circuit Judge.
This is an appeal from a decree of the District Court vacating and setting aside an order of the Referee in Bankruptcy on petition to review.
Charles E. Toms filed his petition and was adjudicated a bankrupt on March 3, 1933, and appellant, Esther Tuttle, is his trustee and on January 19, 1937, filed with the Referee petition asking authority to sell at public auction the undivided one-third interest of the bankrupt in a certain parcel of unimproved real estate situated in Lansing township, Ingham County, Michigan, consisting of thirty-five acres.
George E. Smith, D. E. Bates and the bankrupt Toms, jointly purchased this land with the understanding that each would receive an undivided one-third interest and each pay one-third of the purchase price, interest and taxes. The deed was made to Smith as trustee because he advanced the purchase price and on July 16, 1931, it was recorded. The bankrupt was unable to meet his obligations under the contract and Smith advanced for him $5,714.81 and took a mortgage covering Toms one-third interest, which stated on its face that it was given for the purpose of securing Smith for his advancements and was recorded January 27, 1937. The bankrupt at no time was in actual or physical possession and management of the property, actual possession at all times since July 2, 1931, being in "George E. Smith, trustee." Toms listed in his bankruptcy *619 schedule, as part of his assets, his interest in this real estate and in his liabilities, this mortgage. Smith filed objections to the trustee's petition for authority to sell, setting up both a mortgage and equitable lien.
The Referee overruled his objections and ordered property sold free of his lien. On petition to review the District Court reversed the Referee and directed a sale subject to the lien, from which decree this appeal is prosecuted. The facts are not in dispute. The single question is the superiority of Smith's claim over that of the trustee.
Under Section 70a, 11 U.S.C.A. § 110(a), the trustee is vested with the title of the bankrupt to all of his possessions and choses in action at the date petition is filed, except that exempt to him under the laws of the State.
The trustee takes such property not as an innocent purchaser, but subject to all valid claims, liens and equities enforceable against the bankrupt, except in cases where there has been a conveyance or encumbrance which is void or voidable as to the trustee by some positive provision of the bankruptcy act.
Under Section 47a as amended, 11 U.S.C.A. § 75(a) in determining conflict of title between the trustee and third parties, he does not stand in place of the bankrupt, but his rights are to be determined as though he were a creditor holding a lien by legal or equitable proceedings at the time the petition is filed, if the property is in the possession of the bankrupt or trustee. If unpossessed, the rights and remedies of the trustee shall be determined as though he were a judgment creditor holding an execution duly returned unsatisfied. Southern Dairies, Inc. v. Banks, 4 Cir., 92 F.2d 282; Report No. 691, Senate Judiciary Committee, 61st Congress; York Mfg. Co. v. Cassell, 201 U.S. 344, 352, 26 S.Ct. 481, 50 L.Ed. 782.
The property here did not come into the possession of the bankruptcy court and the trustee is therefore a judgment creditor with an execution returned unsatisfied. In re Landis, 7 Cir., 41 F.2d 700; In re Duker Ave. Meat Market, 6 Cir., 2 F.2d 699; Gamble v. Daniel, 8 Cir., 39 F.2d 447; In re Braun, 7 Cir., 3 F.2d 247; In re Wood, 2 Cir., 278 F. 355, 356; Harrison v. Chamberlin, 271 U.S. 191, 194, 46 S.Ct. 467, 70 L.Ed. 897.
"Returned unsatisfied" as used in this Statute, is not equivalent to a return of "no property found." It means the judgment debtor has no property available subject to the writ for satisfaction of the judgment.
Under Section 14618 of the Michigan Compiled Laws for 1929 an execution judgment creditor has a superior lien against all prior mortgages and other creditors of the debtor, except those of which he has actual or constructive notice, from the date the executing officer files in the office of the Register of Deeds of the county where the property of the debtor is located, a notice containing the names of the parties to the execution and a description of the property upon which levy is made.
Appellant insists that this statute is applicable to these proceedings and, for the purpose of this decision, we may so assume without deciding. The title or possession to the land in question was not in the bankrupt at the time he filed his petition, but in appellee Smith.
In the case of Corey v. Smalley, 106 Mich. 257, 64 N.W. 13, 14, 58 Am.St.Rep. 474, where the facts were essentially similar to those in the case here for decision, the Supreme Court of Michigan held that actual possession of land was constructive notice to an execution creditor and that recordation under a statute then in effect in the exact language of the one here involved did not give the creditor any superior rights over the occupant of the land and, in the course of the opinion, the court said: "One who purchases land occupied by another than the grantor is chargeable with notice of the rights of the occupant. Possession of land by a contract purchaser is constructive notice of his rights." See also Atkinson v. Akin, 197 Mich. 289, 163 N.W. 1024; Schmidt v. Steinbach, 193 Mich. 640, 160 N.W. 448.
Appellant's rights in the property must be determined according to such supplementary proceedings as may be had under the laws of Michigan after the return of an execution unsatisfied.
Under the law prevailing in that State proceedings supplementary to an execution will not defeat the equitable claims against property held in good faith by the claimant.
In the case of Taylor v. Roniger, 147 Mich. 99, 110 N.W. 503, one of the parties *620 in possession had acquired an interest in land by an unrecorded contract, a part of the consideration being the payment of a mortgage. Later the true owner of the property who had no interest in the mortgage, obtained a money judgment by abandoning the land in an ejectment proceeding and caused an execution to be issued and levied on it for satisfaction. The court decided that the person in good faith possession as an owner paying the mortgage had an equitable lien superior to the execution claimant.
In the case of Weisberger v. Wisner, 55 Mich. 246, 21 N.W. 331, the court decided occupancy of land when the occupant has recorded deeds to an undivided interest in it and a contract right to the remaining interest is such notice of his rights as will protect the land from a lien of mortgage of a later date than the deeds except to the extent of the interest remaining in the mortgagor. In the case of Brady v. Sloman, 156 Mich. 423, 120 N.W. 795, 796, the court decided that possession and occupancy constitute notice to every subsequent purchaser and encumbrancer of the rights and title of such occupants, even though possession was by tenants. The court said: "A grantee in possession of land has a title against all the world, whether his deed is recorded or not." Compare Luke v. Smith, 227 U.S. 379, 382, 33 S.Ct. 356, 57 L.Ed. 558.
We conclude appellee Smith's claim was superior to that of the trustee, and the decree of the District Court is affirmed with cost.