In the Matter of Donald A. ABBOTT and Virginia M. Abbott t/d/b/a Don Abbott Painting & Sandblasting, Bankrupts.

Robert A. ABBOTT and Susan J. Abbott, his wife, Plaintiffs,

v.

William PINEO, Esq., Trustee, et al., Defendants.

Bankruptcy Nos. 79–72 Erie, 79–73 Erie.

United States Bankruptcy Court, W. D. Pennsylvania.

May 12, 1981.

584

William H. Higgins and Thomas J. McCarthy, Erie, Pa., for bankrupts.

William Pineo, Meadville, Pa., pro se., for trustee.

## MEMORANDUM IN SUPPORT OF ORDER

WILLIAM B. WASHABAUGH, Jr., Bankruptcy Judge.

The attached Order submitted by plaintiffs' counsel after hearing on notice to lien creditors authorizing the conveyance of the interests of the bankrupts. Donald A. Abbott and Virginia M. Abbott, his wife, in premises titled jointly in the names of said bankrupts and their son, Robert A. Abbott and Susan J. Abbott, his wife, to said Robert A. Abbott and Susan J. Abbott, his wife, free and clear of the liens of judgments entered against the bankrupts after their one-half interest in the premises was so acquired is made on the basis of the considerations and authorities hereinafter set forth.

The plaintiffs, Robert A. Abbott and Susan J. Abbott, his wife, entered into possession of the premises immediately after they were conveyed to them jointly with the bankrupts, Donald A. Abbott and Virginia M. Abbott, parents of the plaintiff, Robert A. Abbott, and prior to the entry of any of the defendants' judgments against said senior Donald Abbotts. Plaintiffs then constructed a dwelling house on the premises also before the entry of said judgments and have lived there ever since. They paid the Donald Abbotts $2,876.95 August 16, 1974 before said judgments were entered representing all sums advanced by said Donald Abbotts on the property and have paid all sums in connection with the acquisition of the premises and the construction of the dwelling house and its subsequent improvements.

The senior Abbotts were parties to the above transactions only because the plaintiffs were under 21 years of age at the time of the conveyance of the premises to the parties and it was desired to have persons who were sui juris as co-owners to join in the mortgage for the construction funds. It was intended that the senior Abbotts would convey their record one-half interest in the legal title to the premises to the plaintiffs, but this inadvertently has not been done.

That interests fully paid for by persons in possession of real property are protected against the trustee in bankruptcy of holders of the record title and lien and judgment creditors of such record owners, see the Act of May 12, 1925 P.L. 613, 21 P.S. 351; *Malamed v. Sedelsky*, 367 Pa. 353, 80 A.2d 853 (1951); *Allison v. Oligher*, 141

Pa.Super. 201, 14 A.2d 569 (1940); *In re Toms*, 101 F.2d 617 (6th Cir. 1939). Cf. § 70(c) of the Bankruptcy Act in force at the time of the filing of the aborted Chapter XI proceeding and 4A Collier on Bankruptcy (14th Ed.) 636.

## ORDER

NOW, MAY 12, 1981, after hearing in the above captioned matter, it appearing that the debtors, Donald A. Abbott and Virginia M. Abbott, his wife, have no beneficial interest in the real estate described in the Complaint, but are mere trustees; it further appearing that the Plaintiffs have been in continuous and exclusive possession of the said real estate and are the owners of the entire beneficial interest in said real estate; it further appearing that the debt for which judgment was entered June 1, 1976, in favor of Erie Paint Co. vs. Donald A. Abbott and Virginia M. Abbott at No. 338 May Term, 1976 in the Court of Common Pleas of Crawford County, Pennsylvania, has been fully paid and subject to formal satisfaction of record by the plaintiff therein; it further appearing that the judgments in favor of Marine National Bank, nor Marine Bank, entered on July 1, 1975, at Nos. 492 and 493 May Term, 1975 in the Court of Common Pleas of Crawford County, Pa., and the judgment in favor of Pennsylvania Bank and Trust Company entered on February 22, 1979, at No. 265 February Term, 1979, and the judgment in favor of Marquette Savings Association entered on December 6, 1979, at No. 805 September Term, 1979, all in the Court of Common Pleas of Crawford County, Pennsylvania, are each upon Mortgage Notes or Mortgage Bonds accompanying real estate mortgages on real estate other than that described in the Complaint herein filed; it further appearing that the judgments in the Court of Common Pleas of Crawford County, Pennsylvania, in favor of Pioneer Division of Frank M. Herbert, Inc., entered March 8, 1979, at No. 390 February Term, 1979, and in favor of Agway Petroleum Corporation, entered on March 8, 1979, at No. 391 February Term, 1979, are void as preferential transfers because suffered while the Bankrupts were insolvent and within four months of the filing of the Chapter XI Petition; it further appearing that the judgments entered in the Court of Common Pleas of Crawford County, Pa., in favor of Westinghouse Credit Corporation on March 9, 1978 at No. 133 February Term, 1978 and in favor of Erie Industrial Supply Corp. on May 22, 1978, at No. 89 May Term, 1978, and in favor of P.P.G. Industries, Inc. on November 27, 1978, at No. 107 November Term, 1978, as well as the lien for taxes entered by the United States of America, Internal Revenue Service, on April 6, 1978, at No. 491 February Term, 1978, are not liens because entered only against Donald A. Abbott;

NOW THEREFORE, it is ordered and decreed that William Pineo, Trustee in Bankruptcy for Donald A. Abbott and Virginia M. Abbott, his wife, be and he is hereby authorized and directed to execute, acknowledge and deliver to Robert A. Abbott and Susan J. Abbott, his wife, a quitclaim deed for the real estate described in Plaintiffs' Complaint; it is further ordered that the debtors may join in said quitclaim deed as grantors; it is further ordered and decreed that said conveyance be free and clear of the liens of the aforesaid judgments entered in the Court of Common Pleas of Crawford County, Pennsylvania; it is further ordered that all costs of recording, realty transfer taxes and other costs and expenses necessarily involved therein shall be paid by the Plaintiffs, Robert A. Abbott and Susan J. Abbott, his wife.