In re RICHARD.

(District Court, E. D. Tennessee. November 1, 1900.)

BANKRUPTCY—TRUST FUND HELD BY BANKRUPT—MINGLING WITH GENERAL PROPERTY.

    Money held by a bankrupt as guardian, which he had mingled with his own funds, thereby lost its identity as a trust fund; and the bankrupt cannot withhold property or its proceeds from his trustee on the ground that it was purchased with the money of his wards, but the wards in such case are merely creditors, who must share with the general creditors in the distribution of the estate.

In Bankruptcy. On question certified by referee.

I, D. L. Grayson, one of the referees of said court in bankruptcy, do hereby certify that in the course of the proceedings in said cause before me the following question arose, pertinent to the said proceedings: The said bankrupt, H. W. Richard when examined at the first meeting of his creditors, admitted

that he had in his house and under his control the sum of $150 in currency or notes, which he failed to schedule among his assets, claiming that said money was the net proceeds of sale of a small grocery business which he had been engaged in running up to a period of about 10 days preceding the filing of his petition, under the name of H. W. Richard, Agent, for his minor children, for whom he was guardian, and that said business was run and conducted by him upon capital belonging to his said wards, and that for this reason the proceeds of said sale were likewise the property of said children, and in no sense a part of his estate. The only proof taken upon this question was the testimony of the bankrupt himself, from which it appears that on January 6, 1896, the Mutual Life Insurance Company of New York paid to him, as guardian for five of his children, who were then minors, the sum of $492.42; this being the proceeds of the surrender value of a certain life insurance policy upon his own life taken out for the benefit of his wife and said children, the wife having died before the policy was surrendered. This money, when received by said bankrupt, was deposited in bank by him in the name of H. W. Richard, guardian, but at various times thereafter, and down until July, 1896, was drawn out by him on checks, until the entire sum was withdrawn, and the account closed upon the bank's books. See exhibit furnished by bank. Subsequent to the closing of said account, it does not appear that any other bank account was kept of said guardianship fund, but thereafter, and until the date of the filing of this petition, all of said fund, except such portion thereof as was expended in the maintenance and support of said minors (and the amount of such expenditure for this purpose is not made to appear), was kept by the bankrupt about his own person in cash, together with any other moneys he received from other sources (he admitting that he had received other moneys from the proceeds of his own labor); and the two funds were kept mingled together as one, except that the bankrupt claims to have kept in a memorandum book a separate account of the trust fund, and to which was credited all profits earned as the result of various investments in eggs, clay peas, etc., which the bankrupt made from time to time before entering into the grocery business with said trust money. The said memorandum book was not produced before me, and no statement furnished showing the exact status of the trust fund at the date of the filing of this petition. In the summer or early fall of 1896 the said bankrupt purchased, for $110 in cash, a small grocery business on East Ninth street, subsequently removing to Whiteside, and then to West Ninth street, where he sold out in October, 1899, to one J. J. Sullivan, for $200; the remaining $50, other than the fund of $150 now in controversy, having been expended in paying the filing fees in this case and in household expenses. It appears, as before stated, that this guardianship fund has, since the withdrawal from bank, never been kept separate and apart from the other moneys of said bankrupt, but that the fund, as a trust fund, has long since lost its identity as such, on account of the intermingling of it with other moneys earned by the bankrupt on his own account. It further appears from his testimony that he made use of all of such moneys as a common fund out of which to pay obligations, whether of a trust or general character, and only kept a separate record of the trust fund in a memorandum book, which he failed to produce. I am of the opinion from this evidence that said trust fund has lost its identity as such, in the sense which would entitle the wards to follow it into property in which it had been invested (at least, to the exclusion of other creditors), and that the proceeds of the sale of said grocery business are not, for the reasons stated, the sole property of said minor children, of whom there are now three, the remainder having come of age, and having been settled with, but said trust fund must be paid into this court for the equal and joint benefit of all creditors, and that said minors occupy no better position than any other creditor with respect to said fund, but are only entitled to share in the same pro tanto with other creditors. I therefore order that said bankrupt pay into this court within 10 days from this date said sum of $150, the proceeds of sale of said grocery business, admitted by him to be now in his possession and control at the date of filing of his petition. And the said question, at the request of the attorney for said bankrupt, is herewith certified to the Honorable C. D. CLARK, District Judge, for his opinion thereon.

F. O. Wert, for petitioner.
W. S. Small, for defendant.

CLARK, District Judge. In Hosmer v. Jewett, 12 Fed. Cas. 543 (No. 6,713), Judge Hall said:

"Money delivered to the bankrupt in trust, if earmarked or separately kept and retained as trust property, to be delivered or paid over in the same bills or coin in which it was received by the bankrupt, would not pass under the assignment, but would be considered 'trust property'; but an amount of money due from the bankrupt as trustee, and which could not be distinguished from any other moneys in his possession or under his control, or which was only due from him because he had used trust funds for his own purposes, or otherwise misapplied them, could not be considered as 'property' held by the bankrupt in trust."

This is undoubtedly the settled rule upon the subject. Loveland, Bankr. p. 324, and cases there cited. It is quite evident, in view of the law thus declared, that the conclusions at which the referee arrived are correct. His report is accordingly confirmed.