## In re KENNEY & GREENWOOD, Inc.

### In re JACKSON.

District Court, D. Maine, S. D. January 16, 1928.

**1. Bankruptcy ⊂⊃22—Omission to file exceptions to report of special master in bankruptcy proceedings, in accordance with equity rule, held not jurisdictional (equity rule 66).**

Omission to file exceptions to report of special master in bankruptcy proceedings within 20 days, in accordance with equity rule 66, *held* not jurisdictional, since although equity rules may be followed in many cases with advantage to orderly procedure, they do not control court in performance of its duties under the Bankruptcy Act (11 USCA).

**2. Bankruptcy ⊂⊃22—Equity rules in bankruptcy matters may be looked to for analogies, but not as rules.**

In bankruptcy matters, equity rules relative to procedure may be looked to for analogies, but not as rules.

**3. Bankruptcy ⊂⊃140(3)—Securities pledged to bankrupt, or proceeds thereof, received by trustee, are recoverable.**

Securities pledged to bankrupt may be recovered of trustee, or, if sold, proceeds received by trustee on the sale thereof are recoverable.

**4. Bankruptcy ⊂⊃140(3)—That trustee paid out under court order more money than received from sale of pledged securities does not preclude pledgee's recovery.**

The fact that trustee in bankruptcy had paid out under order of court more money than he received from sale of pledged securities will not preclude recovery thereof by pledgee, since, property having been identified as sold, restitution by payment need not be from particular proceeds.

In Bankruptcy. In the matter of the bankruptcy of Kenney & Greenwood, Inc., wherein Robert Jackson filed a claim. On trustee's motion to dismiss exceptions to report of special master. Motion denied.

John B. Thomes, of Portland, Me., and Murchie & Murchie, of Concord, N. H., for Robert Jackson.

Maurice E. Rosen, of Portland, Me., for trustee in bankruptcy.

PETERS, District Judge. [1, 2] This matter is now before the court on exceptions to the report of the special master, dated October 22, 1927. Exceptions were filed later than 20 days after the filing of the report, and counsel for the trustee has filed a motion to dismiss the exceptions, as not having been filed in accordance with equity rule 66. The omission to file the exceptions as required by the equity rules is not jurisdictional. They may be followed in many cases with advantage to orderly procedure, but they do not control the court in the performance of its duties under the Bankruptcy Law (11 USCA). In bankruptcy matters, "they may be looked to for analogies, but not as rules." International Harvester Co. v. Carlson (C. C. A.) 217 F. 736.

The motion to dismiss the exceptions is denied.

[3] This proceeding is to recover certain securities pledged by the claimant to the bankrupt, or to recover proceeds received by the trustee from the sale of the same.

Under the doctrine laid down by the Supreme Court in Richardson v. Shaw, 209 U. S. 365, 28 S. Ct. 512, 52 L. Ed. 835, 14 Ann. Cas. 981, securities pledged as these were may be recovered of the trustee by the customer, or, if sold by a pledgee of the broker, under his contract to do so, as here, the balance received by the trustee may be recovered.

The master has found that the sum of $918.77 was received by the trustee from the proceeds of the three bonds of the claimant, which were traced and identified. That amount the claimant is entitled to, and may be paid. It is part of the proceeds of his property, and constitutes no part of the estate for distribution to unsecured creditors.

[4] The fact that at one time the trustee had paid out under orders of court more money than he received from this source is unimportant. The property having been identified as sold, restitution by payment need not be from the particular proceeds.

The claimant urges a similar right to the proceeds received from another certain bond, M., K. & T. R. R. Co. No. M-48107. This bond, however, was not one that was pledged by him, but was a similar bond. It may be that it was a bond that was substituted by the brokers, but the master does not find that fact proved, and consequently the claim for that bond cannot be allowed, unless I reverse the findings of fact by the master, which I am not disposed to do.

The trustee may govern himself accordingly.