## SHIPE v. CONSUMERS' SERVICE CO. et al.

District Court, N. D. Indiana, South Bend Division. August 29, 1928.

No. 2.

Samuel B. Pettengill, of South Bend, Ind., for petitioner.

Dan Pyle, of South Bend, Ind., for receiver.

Arthur L. Gilliom, Atty. Gen., and Shepard J. Crumpacker, of South Bend, Ind., for the State of Indiana.

SLICK, District Judge. John W. Schindler was appointed receiver of the Consumers' Service Company January 27, 1925. The order appointing him authorized and directed him to conduct and manage the business of the company until further order of court. In November, 1927, the receiver purchased of American Solvents & Chemical Sales Corporation alcohol, to be resold in the filling stations of the company of which he was receiver, to the amount of $2,886.68, and accepted a draft drawn on him in that amount, payable December 19, 1927. In March, 1928, $1,000 was paid by the receiver to apply on account of said draft, leaving $1,886.68 still due.

Petitioner, American Solvents & Chemical Sales Corporation, asks that its claim in the above amount be preferred over a claim of the state of Indiana. The state claims that it is entitled to preference, for the reason that the receiver collected $103,356.13 license fees that have not been turned over to the state, although the state made frequent demands on the receiver for this money. Funds and assets are not sufficient to pay the state's claim. These collections were made by the receiver under the provisions of the statutes of Indiana (Burns' Ann. St. 1926, §§ 10178, 10179, 10181), which provide for the imposition of a license fee of 3 cents per gallon on the use of all gasoline used in the state, and provide that the dealer in gasoline shall collect such license fees from the purchaser, and pay the same to the auditor of state on or before the 15th day of each calendar month.

It should be remembered that this statute creates a tax on the use of gasoline, and constitutes the dealer in gasoline an agent of the state to collect the tax at the time the gasoline is sold, and provides for a report of such collections at stated monthly periods. The act further provides that, if the dealer shall fail or refuse to make prompt return of and pay over such license fees, this shall subject him to punishment by fine or imprisonment, or both, and it is unlawful for any dealer to sell or offer for sale gasoline while in default of such fees.

It will be seen, therefore, that the receiver became a dealer under an order of this court, and the money, to wit, 3 cents per gallon, which he collected on the sale of gasoline under an order of this court, belonged to the state of Indiana, and it was his duty

every month, on or before the 15th, to make report of all such collections to the state of Indiana, and to pay to the state all money so collected. The receiver then stood in the same relation to the auditor of the state of Indiana as any other dealer in gasoline, and it would seem that the money collected under this statute is the money of the state, and is held by the gasoline dealer in trust for the state of Indiana. The money so collected does not belong to the gasoline dealer, but belongs to the state of Indiana, and a fiduciary relationship is created.

Where a transaction creates a fiduciary relation, the trustee or receiver should not and cannot profit thereby, and the cestui que trust is entitled to prior payment out of funds in the hands of a receiver. 34 Cyc. 348; Carley v. Graves, 85 Mich. 483, 48 N. W. 710, 24 Am. St. Rep. 99; Michigan Steamship Co. v. Thornton (C. C. A.) 136 F. 134; Massey et al. v. Fisher (C. C.) 62 F. 958; First National Bank v. Hummel, 14 Colo. 259, 23 P. 986, 8 L. R. A. 788, 20 Am. St. Rep. 257.

Claimant, however, argues that expenses of operation, including supplies furnished, should be preferred. There is no doubt that operation expenses, including the purchase of supplies, may be made preferred claims, yet this should be done with extreme caution. 34 Cyc. 353.

In the instant case, however, no order of court was ever applied for or made, preferring these claims for supplies purchased over other claims, and the claimant, together with all creditors, was bound to take notice of the court's order. The fact that supplies are purchased by a receiver is of itself notice that the estate is insolvent, and persons dealing with a receiver do so with such notice, and, if they expect to be preferred over other creditors, they must see to it that the court is advised of the purchase and a preference given.

In other words, if goods are sold to a receiver, the vendor must see to it that his claim is preferred. He cannot deal with the receiver under any presumption that the court will later prefer his claim over others. In this case the receiver collected money belonging to the state of Indiana, and it was his duty to comply with all laws, including the statutory law of the state of Indiana. Under that law, it was his duty to make a report to the auditor of state not later than the 15th day of each month, and send in to the auditor of state the money collected during the preceding month. This he did not do, but mingled the money belonging to the state of Indiana with the receivership assets. Thus the assets of the receiver were augmented, and the estate was benefited to that extent.

The money, it is true, came into the hands of the receiver rightfully, and was mingled with the money belonging to the estate; but the fact that the identical money cannot be traced, that there are no "earmarks" to enable identification, is not material. The "earmark" rule has long since been modified, to permit the payment out of any funds in the hands of the receiver. First National Bank v. Hummel, supra.

The petition of the American Solvents & Chemical Sales Corporation to have its claim paid in full before the claim of the state of Indiana is paid is denied. The claim of the state of Indiana to be preferred is allowed.

The state of Michigan also has a small claim for gasoline sold by the receiver at a station or stations in the state of Michigan, under similar conditions, and the claim of the state of Michigan is on an equal footing with the state of Indiana, and should be paid in full, before the claim of the American Solvents & Chemical Sales Corporation is paid.