848

## In re WADDINGTON.
## No. 19420.

District Court, D. Maine, S. D.
Nov. 25, 1936.

A. Raymond Rogers, of Waterville, Me., for bankrupt.

Carl Blackington, of Waterville, Me., for creditors.

PETERS, District Judge.

This matter came on to be heard upon exceptions to the report of the referee as special master to whom had been referred objections to the petition for discharge with directions to report findings of fact and conclusions of law thereon.

The master's report was filed December 19, 1935. Exceptions to the report were not filed until January 7, 1935. This is not in compliance with Equity Rule No. 66 (28 U.S.C.A. following section 723), but, as heretofore decided by this Court in the case of In re Kenney & Greenwood, 23 F. (2d) 681, such failure does not deprive the court of jurisdiction, and would not justify it in refusing to consider the matter of a discharge, in view of the responsibility imposed upon the Court in connection with discharges.

It appears that the ground of objection to the discharge principally relied upon, and the one considered by the master in making his findings and his recommendation that the discharge be refused, is the failure to keep, or the concealment of, books of account or records from which the financial condition and business transactions of the bankrupt might be ascertained. From the report of the special master, it appears that, although books and records were demanded by the trustee, only two books of little value were turned over until objections to the discharge were made and a hearing was in progress, some five months after the trustee had filed his final report. It seems that the bankrupt had been requested to turn over his books and records but had asserted that there were none. An extensive examination relative to the business of the debtor was had on January 5, 1934, when the books and records should have been available, but none were produced. When produced, they consisted of five checkbooks (presumably stubs).

The special master finds that books of account and records from which the financial condition and business transactions of the bankrupt could have been ascertained were wrongfully withheld from the trustee, and on that finding very properly comes to the conclusion that the discharge should not be granted.

The bankrupt evidently had a store and a photograph studio, and must have carried on a considerable business. His indebtedness, as disclosed by his petition, is about $6,500, and his assets about $1,400. It is asserted by counsel, without contradiction, that in the year 1932, the year preceding the bankruptcy, the bankrupt's cash income exceeded $10,000, and that such books as were finally produced show disbursements of approximately $7,500. The special master has not found that the failure of the bankrupt is in any way justified by the circumstances of the case, nor does an

examination of the record disclose any basis for such a finding. Any excuse that such books were mislaid or lost for a time is not sufficient. Creditors are entitled to the assistance of books of account—proper under the circumstances—to ascertain the nature and extent of the business transactions of the bankrupt and to determine whether or not it is an honest bankruptcy.

No sufficient reason has been pointed out to me, nor does an examination of the record disclose any reason, for not accepting the findings of fact of the special master, presumptively correct, and on those findings the conclusion that the discharge should be refused is inevitable.

The exceptions to the master's report are overruled. The report is to be confirmed, and the discharge denied.