104 F.2d 318 (1939)
In re BAXTER.
STANDARD OIL CO. (OHIO) et al.
v.
BLANE.
Nos. 7793, 7794.
Circuit Court of Appeals, Sixth Circuit.
June 7, 1939.
*319 Kingsley A. Taft and Russell C. Grahame, both of Cleveland, Ohio (McKeehan, Merrick, Arter & Stewart, Holliday, Grossman & McAfee, and Eleanor Lesnick, all of Cleveland, Ohio, on the brief), for appellants.
Sylvester Marx, of Cleveland, Ohio, for appellee.
Before SIMONS, ALLEN, and HAMILTON, Circuit Judges.
HAMILTON, Circuit Judge.
This is an appeal from a decree of the District Court sustaining a petition to review an order of the Referee in Bankruptcy. Carl Hamilton Baxter was adjudged a bankrupt on September 23, 1936, and the appellee, Morris R. Blane, is his trustee.
On October 1, 1932, the appellant, Standard Oil Company of Ohio, entered into a contract with the appellant, Prudential Insurance Company of America, wherein the parties agreed that the Oil Company, for and on behalf of its employees who consented thereto in writing, would withhold 5 per cent of their compensation to which the employer would add a sum equal to one per cent of such compensation, these to be paid to the Insurance Company and retained by it until the male employee reached the age of sixty-five and the female sixty. At these ages, the sums thus paid in, plus 3½% interest, compounded annually, were to be applied as a single premium for the purchase of an annuity from the Insurance Company for the employee.
The contract provided if both the employer and employee consented, annuities would be granted at the ages of fifty-five for males and fifty for females. It also provided that if the employee should die before the ages of fifty-five and fifty respectively, the sums held by the Insurance Company out of his wages would be paid to his named beneficiary, together with 3½% interest, compounded annually.
Under Article 8 of the contract, the employee was accorded the privilege of paying directly to the Insurance Company any sum he wished for the purpose of purchasing additional annuities. These contributions, with 3½ per cent interest, compounded annually, could be withdrawn by the employee at any time.
In the event of discontinuance of employment or the abandonment of the contract by the employer, the employee could have returned to him the sums paid to the Insurance Company out of his wages, together with 3½ per cent interest, compounded annually, or could leave the deposit with the Insurance Company for the purchase of an annuity.
He was prohibited, except as to payments made under Article 8, from purporting to, or assigning, pledging or encumbering any part of his annuities or any of the *320 contract benefits, and if he did so, his interest in the fund terminated and it was applied by the Insurance Company as the employer directed, such action by the Company entirely liquidating and satisfying all claims against the Insurance Company.
At the date of the adjudication, the bankrupt was an employee of the Standard Oil Company and the Insurance Company had in its possession $409.89 which the employer had deducted from his wages under this contract. The trustee applied to the Referee for a turnover order against the Insurance Company. It voluntarily appeared, objected and was sustained by the Referee. The court, on review, reversed and entered a decree against the Insurance Company for $415, from which it appeals.
Section 70a of the Bankruptcy Act, 11 U.S.C.A. § 110(a), provides that upon his appointment, a trustee in bankruptcy shall be vested by operation of law with the title, which the bankrupt had at the time of adjudication (except insofar as it is to property which is exempt), to such property as is embraced within the descriptive language of six subdivisions, of which only five and six are applicable. Under them, title is vested in the trustee to all property which, prior to the filing of the petition, the bankrupt could by any means have transferred or which might have been levied upon and sold under judicial process against him and rights of action arising upon contracts.
Excluding unlawful preferences and property fraudulently conveyed, the trustee can recover only such property as the bankrupt could have personally transferred at the date of his adjudication.
The controlling factor in determining what property of a bankrupt passes to his trustee is transferability.
The trustee takes the property of the bankrupt with all of its infirmities of title except as to fraudulent or preferential conveyances, but if the bankrupt could not have transferred it at the time of the filing of his petition, or it was not subject to seizure under judicial process, title does not vest in the trustee.
The question here for decision turns on what transferable title the bankrupt had to the funds held by the Insurance Company at the time he filed his petition. The lower court found that the sums contributed by the bankrupt through his employer to the Insurance Company were analogous to a savings account. We do not believe the contract should be so narrowly viewed. There were three parties to it, the employer, the employee and the Insurance Company. The employer and employee had a joint interest in the account.
It is a settled rule in the construction of a contract that the interpretation must be upon the entire instrument. It cannot be disjointed or particular parts separated from the balance, and where its meaning is not clear the court may consider the circumstances surrounding the parties when they entered into it in order to effectuate their intentions.
In construing the contract here in question, it cannot be divorced from its larger social pattern for it is this pattern that furnishes the key to the ascertainment of the intent of the parties.
The right of the bankrupt to place a part of his earnings in trust for his own benefit and thus provide against the vicissitudes of fortune in old age is indisputable when this can be done without impairing existing claims of creditors. Jones v. Clifton, 101 U.S. 225, 231, 25 L.Ed. 908.
There is no question of fraud involved in this case. The trustee cannot succeed unless the money on deposit with the Insurance Company was subject to transfer by the bankrupt before he filed his petition. By the plain language of the contract, the right of the bankrupt to withdraw or transfer the deposit was inchoate, until he was separated from the service of the Oil Company or became totally and permanently disabled prior to the age of fifty-five or the Oil Company abandoned its insurance plan, and none of these contingencies had happened or might ever happen. The right of the bankrupt to assign his interest in the fund or to anticipate or encumber it was prohibited during the life of the contract. The plan tended to promote a more intimate relationship between the employer and employee, encourage thrift, attract the better type of employe and reduce employment turnover. The prohibition against assignment did not invade the fundamental right of the employee to assign a matured claim. The employee had the legal capacity to forego his ordinary right of assignment for which he received a consideration from his employer. This provision of the contract was in no respect injurious to the public or in violation of *321 any statute or rule of the common law. Under these facts and circumstances and in the entire absence of any fraudulent conduct by the bankrupt, there is no sound reason or precedent for permitting the trustee to nullify and destroy the valid and subsisting trust for the benefit not only of the bankrupt but also of his employer.
At the time Carl H. Baxter filed his petition in bankruptcy and prior thereto, he could not have transferred his interest in the deposits with the appellant, the Prudential Insurance Company, without losing his position and forfeiting the employer's one per cent. No part of Section 70a of the Bankruptcy Act is sufficiently broad to cover such an inchoate right of the bankrupt as his trustee is attempting to acquire. Compare In re Furness, 2 Cir., 75 F.2d 965; In re Woodworth, 2 Cir., 85 F.2d 50; In re Leibowitt, 3 Cir., 93 F.2d 333, 115 A.L.R. 623; Taylor v. Tayrien, 10 Cir., 51 F.2d 884. The judgment of the District Court is reversed for proceedings in conformity with this opinion.