## In re WEBBER MOTOR CO.
### No. 3291a.

District Court, D. New Jersey.
Nov. 24, 1943.

Winne & Banta, of Hackensack, N. J., for petitioner.

Wallace S. De Puy, of Hackensack, N. J., for trustee.

SMITH, District Judge.

This matter is before the Court on a petition for review filed herein by the First National Bank of Park Ridge, the petitioner, pursuant to Section 39, sub. c, of the Bankruptcy Act, 11 U.S.C.A. § 67, sub. c. A brief summary of the facts, which are not disputed, is essential to a clear understanding of the only question here presented.

The bankrupt, prior to February 17, 1942 (the exact date does not appear and is unimportant), entered into a contract with the United States of America under which

it agreed to sell and deliver certain equipment on the requisition and order of the War Department. Thereafter, on the said date, the bankrupt entered into an agreement with the petitioner under which the latter agreed to advance the money, not in excess of $7,500, necessary to finance the contract, and the former agreed to assign to the latter the requisitions and orders as security therefor. The petitioner, between February 17 and March 2, 1942, pursuant to the said agreement, advanced to the bankrupt the sum of $7,500, and the latter assigned to the former Order No. 12625–G, upon which there later became due and payable $6,286.84. An involuntary petition in bankruptcy was filed against the bankrupt on April 30, 1942, and thereafter, on May 6, 1942, the United States of America paid to the receiver the full amount due on the said order. The present litigation followed. While the litigation was pending the receiver was elected trustee and, under Section 70 of the Bankruptcy Act, 11 U.S.C.A. § 110, succeeded to the property of the bankrupt.

The petitioner, by petition filed in these proceedings, asserted a claim under the assignment to the sum thus paid the receiver. The claim was controverted by the receiver (later trustee) on the ground that the assignment was null and void under section 3477 of the Revised Statutes as amended by the Act of October 9, 1940, c. 779, 54 Stat. 1029, 31 U.S.C.A. § 203,[1] in that it failed to meet the requirements prescribed by subdivision 4 thereof, the pertinent provisions of which are recited in the footnote. The petitioner, having conceded its failure to comply with the statute, contended that the assignment was valid as between the parties notwithstanding this failure. The referee in bankruptcy, after hearing, having decided that the assignment was null and void, dismissed the petition. We are of the opinion that this decision was erroneous.

It is a fundamental rule of statutory construction that all statutes must be construed in the light of their purpose. It is apparent that a literal interpretation of the present statute, without consideration of its obvious purpose, would lead to an absurd consequence and a flagrant injustice, a result which should be avoided, especially where, as here, the statute is susceptible of a reasonable construction consistent with its language and legislative purpose. Haggar Company v. Helvering, 308 U.S. 389, 60 S.Ct. 337, 84 L.Ed. 340; Burnet v. Guggenheim, 288 U.S. 280, 53 S. Ct. 369, 77 L.Ed. 748; Sorrells v. United States, 287 U.S. 435, 53 S.Ct. 210, 77 L.Ed. 413, 86 A.L.R. 249; Pittston-Duryea Coal Co. v. Commissioner of Internal Revenue, 3 Cir., 117 F.2d 436. The Supreme Court, in the case of Martin v. National Surety Co., 300 U.S. 588, 57 S.Ct. 531, 535, 81 L. Ed. 822, has held that the present statute "must be interpreted in the light of its purpose to give protection to the Government."

The purpose of the statute is no longer open to question. It is well established that the statute was intended and designed solely to protect the Government against a multiplicity of conflicting claims and the consequent delay and embarrassment, a protection which it is at liberty to waive. Martin v. National Surety Co., 300 U.S. 588, 57 S.Ct. 531, 81 L.Ed. 822; McGowan v. Parish, 237 U.S. 285, 35 S.Ct. 543, 59 L.Ed. 955; Bank of California v.

---

1 "§ 203. Assignments of claims void. All transfers and assignments made of any claim upon the United States, or of any part or share thereof, or interest therein, whether absolute or conditional, * * * shall be absolutely null and void, unless they are freely made and executed in the presence of at least two attesting witnesses, after the allowance of such a claim, the ascertainment of the amount due, and the issuing of a warrant for the payment thereof. * * *

"The provisions of the preceding paragraph shall not apply in any case in which the moneys due or to become due from the United States or from any agency or department thereof, under a contract providing for payments aggregating $1,000 or more, are assigned to a bank, trust company, or other financing institution, including any Federal lending agency: Provided, * * *

"4. That in the event of any such assignment, the assignee thereof shall file written notice of the assignment together with a true copy of the instrument of assignment with—

"(a) the General Accounting Office,

"(b) the contracting officer or the head of his department or agency,

"(c) the surety or sureties upon the bond or bonds, if any, in connection with such contract, and

"(d) the disbursing officer, if any, designated in such contract to make payment. "Notwithstanding any law to the contrary governing the validity of assignments, any assignment pursuant to this paragraph and the following paragraph shall constitute a valid assignment for all purposes."

Commissioner of Internal Revenue, 9 Cir., 133 F.2d 428; California Bank v. United States Fidelity & Guaranty Co., 9 Cir., 129 F.2d 751; United States v. Certain Lands in Town of Highlands, D.C., 49 F.Supp. 962; Roomberg v. United States, D. C., 40 F.Supp. 621. It is equally well established, however, that the statute affords no protection to the parties to the assignment; the statutory prohibition against assignment does not nullify the contractual rights of the parties thereto as between themselves. Ibid. An assignment which is otherwise valid as between the parties is not affected by the statute, and neither party may resort to the protection of. the statute as against the other.

The case upon which the trustee primarily relies, National Bank of Commerce v. Downie, 218 U.S. 345, 31 S.Ct. 89, 54 L.Ed. 1065, 20 Ann.Cas. 1116, would seem to support his contention, but it is our opinion that the broad construction therein adopted must yield to the limited construction adopted by the Supreme Court in the case of Martin v. National Surety Co., supra. The later interpretation is clearly consistent with the language and the purpose of the statute. Any distinctions between the cases which we should attempt to draw would be tenuous.

The right of the trustee was derivative, and, in the absence of fraud or preferential assignment, he acquired no greater right in the sum paid to him as receiver than the bankrupt had. The trustee, by operation of law, succeeded to the property of the bankrupt, subject, however, to all liens, claims, encumbrances and equities which were enforceable against the bankrupt. Sec. 70 of the Bankruptcy Act, 11 U.S.C.A. § 110; California Bank v. United States Fidelity & Guaranty Co., supra; In re L. H. Duncan & Sons, 3 Cir., 127 F.2d 640; Lockhart v. Garden City Bank & Trust Co., 2 Cir., 116 F.2d 658; Schultz v. England, 9 Cir., 106 F.2d 764; Martin v. New York Life Ins. Co., 7 Cir., 104 F.2d 573, 124 A.L.R. 1163; In re Baxter, 6 Cir., 104 F.2d 318; In re Toms, 6 Cir., 101 F.2d 617; In re Knox-Powell-Stockton Co., 9 Cir., 100 F.2d 979; Southern Dairies v. Banks, 4 Cir., 92 F.2d 282. It necessarily follows that the right of the petitioner in the sum paid the receiver was superior to that of the trustee, whose right was no greater than that of the bankrupt.

The decision of the referee in bankruptcy is reversed. The petitioner shall prepare and submit forthwith, on notice to the trustee, a proper order.