## In re HERCULES SERVICE PARTS CORP.
### No. 31491.

United States District Court
E. D. Michigan, S. D.

Dec. 6, 1951.

456

Joseph Maisano, Chief, Legal Division, Edward T. Kane, U. S. Atty., and Roger P. O'Connor, Asst. U. S. Atty., Detroit, Mich., for petitioner.

Frazer & Popkin, Detroit, Mich., for debtor.

KOSCINSKI, District Judge.

Pursuant to provisions of 26 U.S.C.A. § 3661 and 28 U.S.C.A. § 960 the United States filed its petition for the payment by the Bankruptcy Trustee, as trust funds, of the sum of $4,746.15·representing withholding and social security taxes by the debtor in possession under order of this court during reorganization proceedings.

Petitioner's claims for withholding taxes accruing in periods other than the time when debtor was in possession and operating under order of the court, are not involved here.

Petitioner prays for payment of such taxes in advance of any tax claims of the State of Michigan and the City of Detroit, and any administration or operating expenses incurred while the debtor remained in possession under order and direction of the court. Objections to the granting of the petition were filed by the Bankruptcy Trustee, the State of Michigan, and City of Detroit, claiming that all Federal taxes must be paid on a parity with State and City taxes under Sec. 64, sub. a(4) of the Bankruptcy Act: 11 U.S.C.A. § 104, sub. a(4).

On March 19, 1948 a petition for the reorganization of Hercules Service Parts Corporation, under Chapter X of the National Bankruptcy Act, as amended, 11 U.S.C.A. § 501 et seq., was filed in this court, and on March 22, 1948 an order was entered approving debtor's petition for reorganization and continuing debtor in possession with authority to operate its business. On February 28, 1949 an order confirming the plan of reorganization was filed. The debtor being unable to consummate its plan of reorganization, as confirmed, an order adjudicating debtor a bankrupt was entered on July 18, 1950.

■ The authority for the collection of withholding taxes here involved are Sections 1400, 1401, 1622 and 1623 of Title 26 U.S.C.A., supplemented by 26 Code of Federal Regulations 405, 605 (1949). Since United States v. New York, 315 U.S. 510, 515, 62 S.Ct. 712, 86 L.Ed. 998, there is no doubt that the employer's liability for withholding moneys under social security legislation is considered to be a tax.

Employer's tax returns were regularly made and filed with the Collector of Internal Revenue by the debtor in possession, assessments made by the Commissioner of Internal Revenue against the debtor in possession, and notices of assessment and demand for payment of the taxes were given to the debtor in possession by the Collector. It is conceded here that withholdings·from· wages were made regularly by the debtor · in possession, and that none of the funds so withheld were ever paid to the Collector. It is also conceded that the debtor in possession at all times had sufficient assets or funds in its hands equal to or exceeding the amount claimed here as trust funds.

The two statutory provisions relied upon by petitioner, follow:

Section 3661 of Title 26 U.S.C.A.: "Whenever any person is required to collect or withhold any internal-revenue tax from any other person and to pay such tax over to the United States, the amount of tax so collected or withheld shall be held to be a special fund in trust for the United States. The amount of such fund shall be assessed, collected, and paid in the same manner and subject to the same provisions and limitations (including penalties) as are applicable with respect to the taxes from which such fund arose."

Section 960 of Title 28 U.S.C.A.: "Any officers and agents conducting any business under authority of a United States court shall be subject to all Federal, State and local taxes applicable to such business to the same extent as if it were·conducted by an individual or corporation."

A number of cases have been cited against the granting of the petition, but in such cases the statutes relied on here by the government were either not urged by the government or the facts were different, or there was a lack of proof that funds were· withheld.

■ While bankruptcy is a creature of statute, proceedings in bankruptcy generally are in the nature of proceedings in equity. In re Taylorcraft Aviation Corporation, 6 Cir., 168 F.2d 808, United States v. Martin Fireproofing Corporation, 6 Cir., 168 F.2d 808, 811, citing Bardes v. First Nat. Bank of Hawarden, 178 U.S. 524, 525,

20 S.Ct. 1000, 44 L.Ed. 1175. Courts of bankruptcy are courts of equity and in the administration of bankrupt estates exercise their powers as courts of equity. Pepper v. Litton, 308 U.S. 295, 303, 304, 60 S.Ct. 238, 84 L.Ed. 281.

It is a general rule of law that a trustee in bankruptcy cannot acquire a greater right or interest in bankrupt's property than that which belonged to the bankrupt. Martin v. New York Life Insurance Co., 7 Cir., 104 F.2d 573, 124 A.L.R. 1163, 40 Am.Bankr.Rep.N.S. 317, certiorari denied 60 S.Ct. 123, 308 U.S. 594, 84 L.Ed. 497; Martin v. Equitable Life Insurance Society of the United States, 7 Cir., 104 F.2d 573, 124 A.L.R. 1163, 40 Am.Bankr.Rep.N.S., 317, certiorari denied 60 S.Ct. 124, 308 U.S. 594, 84 L.Ed. 497; In re Rosen, D.C. N.J., 66 F.Supp. 174, affirmed 3 Cir., 157 F. 2d 997, certiorari denied Fisch v. Standard Factors Corp., 330 U.S. 835, 67 S.Ct. 972, 91 L.Ed. 1282, and a bankruptcy trustee takes bankrupt's property subject to all valid claims, liens, and equities enforcible against the bankrupt. Lockhart v. Garden City Bank & Trust Company, 2 Cir., 116 F. 2d 658. See also In re Toms, 6 Cir., 101 F. 2d 617.

When the taxes here involved were collected by the debtor in possession, a trust was immediately impressed upon such funds under the mandatory requirements of 26 U.S.C.A. § 3661 and 28 U.S.C.A. § 960. The debtor, in effect, and as a practical measure, became a representative or agent of the United States for the collection of such taxes. The debtor in possession had no legal or equitable right to appropriate such funds to itself. When collected, these funds at once became the property of the United States and the debtor in possession was immediately charged with the statutory duty of paying such funds to the United States. The debtor had no proprietary interest in such funds. These funds were not a part of the assets owned by the debtor in possession.

Neither the bankrupt nor the trustee in Bankruptcy had any beneficial interest or claim against this trust fund, and this court has authority to turn it over to its true owners. Todd v. Pettit, 5 Cir., 108 F. 2d 139, 41 Am.Bankr.Rep.N.S. 378. In re M. E. Dunn & Co., D.C., 193 F. 212, 28 Am. Bankr.Rep. 127, the court said that a creditor of a bankrupt is entitled to the satisfaction of his claim if he can show that the trust fund, or property into which it was converted, came into the hands of the trustee in bankruptcy and increased the assets of the estate, even though the property cannot be exactly identified, providing the trust be distinctly established. See also In re Meyer, D.C., 106 F. 828; Smith v. Mottley, 6 Cir., 1906, 150 F. 266, 80 C.C.A. 154, 17 Am.Bankr.Rep. 863.

If trust funds have been intermingled with the general funds of the trustee so as to render their identification impossible, still a court of bankruptcy will follow them and decree restitution to the cestui que trust, if the unlawful appropriation of them resulted in increasing the assets of the bankrupt as they come into his trustee's possession, as where the trust money is mingled with the bankrupt's own by being deposited in his name in a bank, but the amount of the deposit at all times equals or exceeds the amount of the trust fund. In re M. E. Dunn & Co., D.C., 193 F. 212, 28 Am.Bankr.Rep. 141; In re City Bank of Dowagiac, D.C. Mich.1910, 186 F. 250, 25 Am.Bankr.Rep. 236; In re Richard, D.C.Tenn.1900, 104 F. 792.

Although the general rule is that where one claims as a beneficiary of a trust, such beneficiary must trace the trust funds alleged, it has nevertheless been held that where the trust relationship giving rise to the incurment of the trust fund of taxes is one that was created by an order of the court which exercised jurisdiction over the subject proceeding, such as occurred in the instant case, there is no necessity in compelling the claimant of trust funds to trace them, even though such trust funds may have commingled with other assets of a debtor in possession—City of New York v. Rassner, 2 Cir., 127 F.2d 703, in which the court stated at page 705:

"When the petition was filed and the debtor continued operation, it acted as an officer of the bankruptcy court. Bankrupt-

cy Act, §§ 342, 343, 11 U.S.C.A. §§ 742, 743. It was subject 'at all times to the control of the court.' § 342. And in operating the business it had to have 'authorization by and subject to the control of the court.' * * *

" * * * If we hold that the city must now trace the funds, we state in effect that any beneficiary of a trust which is handled by an officer of a bankruptcy court must always protect himself by petitioning in advance for proper administration of the trust. Thus stated, it can be seen that we would be condoning improper action by a trustee so long as he could successfully get away with it. As a court of equity, a bankruptcy court can hardly proceed on this assumption. It is the duty of the bankruptcy court in distributing an estate to do so equitably. Pepper v. Litton, 308 U.S. 295, 304 ff., 60 S.Ct. 238, 84 L.Ed. 281. Protection of a beneficiary of a trust whose funds have been misappropriated is a proper part of equitable administration. Standard Oil Company of Kentucky v. Hawkins, 7 Cir., 74 F. 395, 33 L.R.A. 739; Hood v. Hardesty, 4 Cir., 94 F.2d 26, certiorari denied 303 U.S. 661, 58 S.Ct. 765, 82 L.Ed. 1120; Shipe v. Consumers' Service Company, D.C. N.D.Ind., 28 F.2d 53; In re Kenney & Greenwood, Inc., D.C.Me., 23 F.2d 681; Ex parte Simmonds, 16 Q.B.D. 308."

The debtor in possession here was under statutory duty to withhold the taxes and to pay the amount withheld to the government. The Congress, in effect, created a fiduciary relationship between the government and the one who is delegated by the government to withhold the funds in question and pay them to the United States for the purposes legislated by Congress. Although mingled with other assets by the debtor in possession, the funds so withheld retained their trust character. Rossman v. Blunt, 6 Cir., 104 F.2d 877, 880; Brennan v. City of Tillinghast, 6 Cir., 201 F. 609.

The burden of showing that his property has been wrongfully mingled in the mass of the property of the wrongdoer is upon the owner who seeks to follow the same, but, when this is done, the burden shifts to the wrongdoer to show that the owner's money or property has passed out

of his hands, and in that respect his trustee in bankruptcy stands in the same position. Smith v. Mottley, 6 Cir., 1906, 150 F. 266. And In re City Bank of Dowagiac, D.C.W. D.Mich., 186 F. 250, 252, Judge Denison quotes with approval from the Northrop Case, D.C., 152 F. 763, on the issue of commingling funds: "It would be extremely and ridiculously technical to assert that, where a wrongdoer, so far as he can, rights a wrong committed in converting the money of another, by substituting at a subsequent time other money of his own to make good that converted, the beneficial owner may not claim and hold the substituted money or property as impressed with precisely the same trust as the original fund. * * * It does not lie with the wrongdoer or his assignee or trustee in bankruptcy who has made the substitution, to say that the substituted thing is neither the trust property itself nor its proceeds."

To the same effect Scully v. Pacific States Savings & Loan Company, 9 Cir., 88 F.2d 384.

In Standard Oil Company v. Hawkins, 7 Cir., 74 F. 395, 33 L.R.A. 739, a receiver appointed by the court paid out trust funds to the administration of the receivership notwithstanding the claimant's inability to trace the funds, the court ordered such funds to be paid as a preference. Said the court 74 F. at page 402: "Here the receiver is an officer of the law, having the assets in *custodia legis*. He has no interest in the fund, save to see that it shall be distributed among those entitled to it according to the highest principles of honesty and of equity. The assets of the bank received by him are, with respect to the question in hand, to be treated as an entirety. Those assets have been swelled by the property of the appellant wrongfully obtained by the bank, and which went into the possession of the receivers. That in the payment of dividends he has disbursed the actual money so received can make no difference, so long as assets remain out of which restitution can be made. The creditors have received that to which they were not entitled, and that which belonged to the appellant. If restitution be made out of the assets still remaining, the creditors will receive no less than

that to which they were originally entitled, and the appellant will only receive that which was its due."

To the same effect Hood v. Hardesty, 4 Cir., 94 F.2d 26; In re Kenney & Greenwood, D.C., 23 F.2d 681; and Shipe v. Consumers Service Company, D.C., 28 F.2d 53.

It is therefore concluded that the government's petition for payment to it the sum of $4,746.15 as a trust fund prior to the disbursement of any funds by the trustee in bankruptcy must be granted, and

It Is Ordered that out of the funds in his hands the Trustee in Bankruptcy pay to the United States as a trust fund the said sum of $4,746.15 before the disbursement of any moneys out of said funds in his hands.