In the Matter of Charles Edward **NEALE,** d.b.a. Neale Building & Development Co., Bankrupt.

Robert L. QUIGLEY, Trustee, Plaintiff,

v.

Charles Edward **NEALE** et al., Defendants.

No. 78975.

United States District Court N. D. Ohio, E. D.

June 12, 1959.

Robert L. Quigley, Richard J. Romweber, Akron, Ohio, for trustee.

Howard L. Calhoun, Akron, Ohio, for bankrupt.

Brouse, McDowell, May, Bierce & Wortman, Akron, Ohio, for Tallmadge Asphalt & Grading Co.

McNAMEE, District Judge.

In its Petition for Review, The Tallmadge Asphalt & Grading Company complains of that portion of the order of the Referee in Bankruptcy directing that the Trustee in Bankruptcy sell the interest of Marie Neale, wife of the bankrupt, Charles E. Neale, in certain real estate which was owned by the Neales as tenants in common.

The chronology of pertinent events is as follows:

Charles Neale was engaged in the contracting business, d. b. a. The Neale Building & Development Company. His wife was employed at The Goodyear Tire & Rubber Company. Prior to and including the year 1957 Neale and his wife were tenants in common of the real estate in question located in Tallmadge, Summit County, Ohio. In 1957 they engaged The Tallmadge Asphalt & Grading Company (hereinafter Tallmadge) to make certain improvements on said real estate for the price of $1,245. Tallmadge completed the improvements on June 15, 1957. On December 10, 1957 Neale and his wife executed and delivered a deed to said real estate to Howard Calhoun, Trustee, for the benefit of five designated creditors of the husband, Charles E. Neale. None of the named creditors were creditors of Marie Neale. The deed was filed for record on December 13, 1957. On December 20, 1957 Tallmadge filed suit against Charles and Marie Neale for the contract price of the improvements. On January 3, 1958 Charles Neale was adjudicated bankrupt. On January 15, 1958 the Common Pleas Court of Summit County entered judgment in favor of Tallmadge against Charles and Marie Neale for the contract

price of the improvements to the real estate. On January 25, 1958 Tallmadge caused the Sheriff of Summit County to levy execution on the real estate conveyed to Calhoun. On January 30, 1958 Robert Quigley was selected as Trustee of the bankrupt estate of Charles Neale, and on April 30, 1958, pursuant to a petition of the Trustee in Bankruptcy, the Referee issued an order directing Calhoun to turn over to Quigley, Trustee, the title to the real estate formerly owned by the bankrupt and his wife. Calhoun complied with the order, and on August 25, 1958 delivered a quit-claim deed to the Trustee in Bankruptcy. Neither Tallmadge nor Marie Neale were notified of the application for the turn-over order. Following the turn-over order of the Referee, Quigley petitioned for a sale of the entire interest in the real estate for the benefit of all of the creditors of the bankrupt. Tallmadge and Marie Neale were parties to such proceeding. On the 20th day of March, 1959 the Referee entered an order directing that the property be sold. The order barred the petitioner Tallmadge from asserting any lien against the property and barred Marie Neale from asserting any right, interest or lien against the property. The Referee held, in effect, that the interest of the wife in the property, as well as that of her husband, was an asset of the bankrupt estate. Marie Neale has not filed a petition for review but she has submitted a brief in this proceeding in which she concurs in and adopts the arguments in the brief of Tallmadge. Tallmadge does not question the validity of the turn-over order in so far as it required Calhoun, Trustee, to convey the bankrupt husband's interest in the property to the Trustee in Bankruptcy. The petitioner concedes that Charles Neale's conveyance of his interest in the property to Calhoun was properly set aside as a voidable preference and that the Referee had jurisdiction to order the sale of the bankrupt's undivided one-half interest in said property. The petitioner also concedes that its judgment against Charles E.

Neale is ineffective against the Trustee in Bankruptcy. The petitioner contends, however, that the Referee was without jurisdiction to administer the undivided one-half interest of Marie Neale in the property as an asset of the bankrupt's estate.

## Discussion

■ It is elementary that without her consent a wife's assets may not be distributed for the benefit of a bankrupt husband's creditors. 4 Collier on Bankruptcy, 14th Ed. 1183.

■ The Referee based his right to order the turn-over of the interest of the wife to the Trustee in Bankruptcy and to order a sale of the entire interest in the property on the ground that the deed of trust to Calhoun was absolute in terms and contained no reversionary clause in the event of the failure of the trust or circumstances rendering the trust impossible of performance. While a reversionary clause in a trust deed may be desirable, it is not essential to protect the interest of the settlor. The principle that governs is stated in Scott on Trusts, Vol. 4, p. 2935, § 411, as follows:

"If an owner of property transfers it inter vivos upon a trust which fails either at the outset or subsequently, and he has not indicated what disposition should be made of the property in the event of the failure of the trust, the trustee cannot retain it but will be compelled in equity to restore it to the settlor. In such a case the trustee holds the property upon a resulting trust for the settlor."

The law of Ohio is in harmony with the above:

" * * * or where, for any other cause, the express trust, the creation of which was attempted, fails, in whole or in part, the trustee will hold the property as resulting trustee for the settlor or his heirs or next of kin, as the nature of the property may require." 40 Ohio Jurisprudence, § 78, p. 242.

Under the terms of the trust deed, Calhoun, Trustee, was authorized to sell the entire interest in the property for the benefit of the designated five creditors of the bankrupt. When the trust became impossible of performance and failed, Calhoun held Marie Neale's interest upon a resulting trust in her favor. There is no evidence that Marie Neale has consented to the administration of her property by the Trustee in Bankruptcy. All indications of her intent are the other way. Marie Neale was not notified of the application for the turn-over order and, as a party to the proceeding to sell her property, she opposed the sale. She has not filed a petition for review but she has filed a brief in this proceeding attacking the action of the Referee. Her conduct clearly evidences the absence of her consent to the action taken by the Referee. The Trustee in Bankruptcy raises no question touching the right of Tallmadge to challenge the order of the Referee. Nor is there any valid ground on which such an objection could be sustained. Tallmadge is a judgment creditor of Marie Neale and has the right to subject the wife's interest in the property to the payment of its judgment against her. Tallmadge was frustrated in its exercise of such right, first, by the transfer of the wife's interest to Calhoun for the benefit of the five of the eighty creditors of her bankrupt husband, and, second, by the turn-over order and the order of sale of the Referee.

Tallmadge's attempted levy on the property was made at a time when the legal title of the property was held by Calhoun as Trustee. Under the Ohio statute a levy cannot be made upon an equitable interest in real estate. Culp v. Jacobs, 123 Ohio St. 109, 174 N.E. 242. However, the quit-claim deed from Calhoun, Trustee, to Quigley, Trustee in Bankruptcy, conveyed no greater interest of Marie Neale than the bare legal title which she had transferred to Calhoun as Trustee. Upon the failure of the trust, the beneficial interest in her un-divided one-half interest in the real estate reverted to Marie Neale.

For the reasons stated, the order of the Referee, in so far only as it directs the sale of the undivided one-half interest of Marie Neale, is reversed, and the Trustee in Bankruptcy is directed to convey an undivided one-half interest in the real estate in question to Marie Neale. See Collier on Bankruptcy, Vol. 4, 4th Ed. p. 1135.

An order may be prepared in accordance with the foregoing.