**In re Robert Ward WILDER and Nancy Rea Wilder, FKA Nancy Rea Ward, Debtors.**

**Bankruptcy No. 683–07265.**

United States Bankruptcy Court, D. Oregon.

Aug. 24, 1983.

Eric Haws, Eugene, Or., for debtor.

Gordon York, Eugene, Or., trustee.

## MEMORANDUM OPINION

POLLY S. WILHARDT, Bankruptcy Judge.

In this nonbusiness Chapter 7 proceeding, the trustee applied to the Court for an order approving the employment of a liquidator to sell a non-exempt 1972 Aristocrate trailer. Upon notice the debtors and debtors' parents requested a hearing on the application.

At the hearing the debtors and the debtors' parents objected to the sale of the trailer. Testimony given and contracts submitted by Mrs. Grantom, Mrs. Wilder's mother, established the trailer had been purchased in 1979 by Mr. and Mrs. Grantom from a third party. Because Mr. and Mrs. Grantom were not able to obtain a loan to finance the purchase, the debtors borrowed the funds for that purpose from Capital Financial Services, Inc., (Capital). Debtors took title to the trailer and Capital took a security interest in it to secure the loan. Grantoms took possession of the trailer and made it their residence. Each month the Grantoms sent the debtors the amount to reimburse them for the monthly payment to Capital.

At the time the debtors filed their bankruptcy petition, the debt to Capital had been paid off but the trialer title had neither been cleared of the lien or transferred to the Grantoms.

The question before the Court is whether the trailer is an asset of the debtors' estate

8

available to the trustee to liquidate for the benefit of debtors' unsecured creditors.

█ The bankruptcy estate created when a petition is filed consists of all legal or equitable interests of the debtor in property as of the commencement of the case. Any interest which is limited in the hands of the debtor is equally limited in the hands of the estate. See *Beneficial Finance Co. of Virginia v. Franklin D.C.*, 26 B.R. 636; Colliers, 15th Ed., Vol. 4, ¶ 541.24. The debtors' interest in the trailer and a fortiori, the trustee's, is determined under state law. Oregon courts of equity have long recognized that when one acquires property as the agent of another upon a confidence that he will hold it for the other's benefit a trust will be implied. A resulting trust occurs when, although no violation of trust or fraud is involved, the circumstances indicate an intent of the parties that title in one be held for the benefit of another. See *Belton v. Buesing*, 402 P.2d 98, 240 Or. 399. Several Oregon cases formulating resulting trusts have involved the purchase of property by one with the funds of another. See *Matter of Hurlbutts Estate*, 585 P.2d 724, 36 Or.App. 721; *Barger v. Barger*, 47 P. 702, 30 Or. 268. The facts before this Court reveal the essential characteristics of a resulting trust.

█ The purpose of finding a trust implied by law out of the facts surrounding the transaction would be defeated if a writing manifesting the trust were required. Thus, resulting trusts are an exception to the requirements of the statute of frauds. See *Gray v. Beard*, 133 P. 791, 66 Or. 59; O.R.S. 93.020.

█ Although clear and convincing evidence is required to support the finding of a resulting trust (*Kohler v. Gilbert*, 339 P.2d 1102, 216 Or. 483) the undisputed testimony and documentation in this case meet that standard.

At the time they filed their petition in bankruptcy, the debtors, as trustees of the resulting trust, held only bare legal title to the trailer. Although property so held does become a part of the estate, it be-

comes so only to the extent of the debtors' legal interest and not to the extent of any equitable interest in the property. Bankruptcy Code § 541(d). Thus, although the trustee in bankruptcy could legally transfer title to the trailer to a third party, any proceeds from the sale would inure to the benefit of the cestui que trust, not the estate.

Assuming the existence of a resulting trust for the benefit of Mr. and Mrs. Grantom, is the trustee in bankruptcy in a better position to benefit the estate by exercising his powers under either Section 544(a) as an ideal lien creditor or bona fide purchaser or, under Section 544(b) in the shoes of one of the debtors' actual unsecured creditors?

Although Section 544 establishes the trustee's position in relation to other interested parties, the skeleton of that position is still fleshed out by Oregon substantive law.

█ It is hornbook law that if a trustee transfers the property in breach of trust to a bona fide purchaser, the transferee is entitled to hold the property free of trust and is under no liability to the beneficiaries. Scott on Trusts, Vol. IV, § 284. However, if a trustee in breach of trust transfers trust property to a person who takes with notice of the breach, the transferee can be compelled to restore the property to the trust. Id. § 291. This law is followed in Oregon (See *Suitter v. Thompson*, 358 P.2d 267, 225 Or. 614).

Under the Bankruptcy Act cases are numerous in which it has been held that the trustee in bankruptcy is not a bona fide purchaser and does not take the property of the debtor free of equities. See *In re Neale*, 177 F.Supp. 726 (N.D.Ohio, 1959); *In re Rogal*, 112 F.Supp. 712 (S.D.Cal. 1953); *Hercules Service Parts Corporation v. United States*, 202 Fed.2d 938 (C.A. 6th, 1953), affirming *In re Hercules Service Parts Corp.*, 101 F.Supp. 455 (E.D. Mich., 1951). Section 544(a)(3) of the Bankruptcy Code has given the trustee a new

status as bona fide purchaser but only as to real property from the debtor.

Neither a creditor of the resulting trustee who levies execution upon property nor a judgment creditor of the resulting trustee is a bona fide purchaser. Scott on Trusts, Vol. IV, §§ 308 and 308.1. Each takes the debtor's property as they find it. *Ferchen v. Arndt*, 37 P. 161, 26 Or. 121; *Montgomery v. U.S. National Bank of Oregon*, 349 P.2d 464, 220 Or. 553.

The equitable interest of a resulting beneficiary can be cut off by creditors of a resulting trustee if they can establish a case of estoppel against the resulting beneficiary. Other grounds for this purpose include laches or the statute of limitations. *Rhodes v. Peery*, 19 P.2d 418, 142 Or. 165; *Springer v. Young*, 12 P. 400, 14 Or. 280. In addition, if a trust res has become so intermingled with other property of the resulting trustee that it is untraceable the cestui que trust's interest is cut off. See *Montgomery v. U.S. National Bank of Oregon*, supra.

The facts before the Court do not indicate any grounds which the trustee in bankruptcy as a creditor under Section 544(a) might have to justify a position that the resulting beneficiary's interest in the trialer be cut off. There is no indication that the debtors' creditors extended credit to them in reliance on their ownership of the trailer, other than Capital Financial Services, Inc., which has been repaid. In addition, the debtors indicated that the Grantom's had an interest in the trailer on the schedule of assets which were filed with the Court.

The Court finds that although the legal title to the trailer is part of the debtors' estate under Section 541 that the trustee is unable to liquidate that asset for the benefit of the debtors' unsecured creditors. It further finds that the trustee, under the facts presented, is unable to cut off the cestui que trust's interest in the trailer through exercise of his power under Section 544. Thus, the application for an order approving the employment of a liquidator to sell the trailer is denied.

A separate Order shall be issued consistent herewith. This Memorandum Opinion contains the Court's Findings of Fact and Conclusions of Law and they will not be separately stated pursuant to Bankruptcy Rule 9014, which incorporates Rule 7052.